**STATE OF FLORIDA, ex rel., KENT CORPORATION, a corporation of Florida v. BOARD OF COUNTY COMMISSIONERS OF BROWARD COUNTY, FLORIDA, a body corporate, et al.**

37 So (2nd) 252                                      June Term, 1948
October 22, 1948                                        Division B

*Ross & Williams* and *English, Lester & O'Bryan,* for appellant.

*Patterson & Lloyd, John U. Lloyd* and *Linwood Cabot,* for Board of County Commissioners of Broward County, Florida, et al, and *Ellis & Spencer* for L. C. Hansen, as County Tax Assessor, appellees.

ADAMS, J.:

We have for review a final judgment in mandamus reading:

"This cause came on for final disposition under the pleadings, testimony and argument of counsel.

By this proceeding relator seeks to secure an evaluation of all taxable property in Broward County upon a basis of 'full cash value.' Relator contends that the Tax Assessor has acted improperly in that he has systematically evaluated property at much less than its 'full cash value,' resulting in a discrimination in favor of owners of 'homesteads.' The complaint is, not that the Tax Assessor has refused to act, but that he has acted incorrectly.

At the outset, the question arises as to whether or not mandamus is an available remedy. That question is the subject of an annotation at 131 A.L.R. 360. The evaluation of property in the process of assessing ad valorem taxes involves the exercise of discretion on the part of the Tax Assessor. Resort may be had to mandamus to compel a public officer to act, 131 A.L.R. 368, but never to compel the exercise of discretion in a particular way. The principle applies to compelling discretion in evaluating property for taxation. 131 A.L.R. 371; State ex rel Waterbury etc. Co. v. Kilduff, (Conn) 25 Atl.

(2) 62 (1942); Central Realty Co. v. Martin, (W. Va.), 30 S. E. (2nd) 720 (1944)

It follows that mandamus will not lie in a case such as this."

Much argument is addressed to the question whether mandamus was the proper remedy. From the quoted judgment the inference may be drawn that the court below held outright that it was not a proper remedy. We are not convinced that such was the intent of the lower court. The judgment, in terms, states that it will not lie in such a case as this. This language requires an inquiry as to the circumstances of *this case*. From an examination of the record we find considerable testimony relative to property values on the tax roll. Relator and the tax assessor disagreed upon values and also upon the method of arriving at cash value. The court considered this testimony and doubtless was not persuaded that the assessor had arbitrarily and deliberately failed to assess at full cash value. It is a fair inference that the lower court considered the evidence rather than simply holding as a matter of law that mandamus would not lie because if the latter had been the case the alternative writ would not have issued in the first instance or would have been quashed on motion instead of requiring an answer.

If the neglect of duty is arbitrary and capricious and no other adequate method of review is afforded mandamus is a proper remedy. See Pierce v. Green, 229 Iowa 22, 294, N. W. 237, 131 A.L.R. 335.

Relator claims that properties were arbitrarily assessed at less than 25 percent of their actual cash value thus discriminating in favor of the home owner who enjoyed an exemption up to $5000.00 under the Constitution, Article 10, Section 7. The assessor offers evidence that his assessments are in keeping with actual cash value. He admits, as charged by relator, that properties have sold for much more than their assessed value. He is an elected constitutional officer and doubtless familiar with the wide range of fluctuating values in real estate. While his opinion is not conclusive by any means, it is entitled to great weight; especially so in this case where

it bears the approval of the trial court. He has, no doubt, witnessed times when purchasers would seldom buy at the assessed value and in recent years owners would seldom sell at the assessed value. Between these wide ranges in prices the assessor must strike a value of full, actual cash value to conform to the statute. This case presents a conflict between the relator and assessor in not only the actual value but the means employed in arriving at it.

We are unable to say that the assessor acted arbitrarily, capriciously or discriminatorily and, therefore, the judgment is not erroneous.

Affirmed.

THOMAS, C. J., BARNS and HOBSON, JJ., concur.