166 So.2d 142 (1964)
Irving G. McNAYR, as County Manager of Dade County, Florida, et al., Appellants,
v.
The STATE of Florida, on the relation of DUPONT PLAZA CENTER, INC., et al., Appellees.
No. 33538.
Supreme Court of Florida.
July 1, 1964.
*143 Darrey A. Davis, Miami, for appellants.
Sibley, Grusmark, Giblin, King & Levenson and Marion E. Sibley, Miami Beach, for appellees.
PER CURIAM.
This is an appeal from a final judgment in the Circuit Court of Dade County, Florida, awarding a peremptory writ of mandamus to the appellees here, petitioners below, requiring the taxing authorities in Dade County to forthwith begin and within a convenient period of time complete the tax roll of said County for the year 1964 containing all taxable property in the County at just valuation and to thereafter comply with all lawful duties imposed upon or required of said taxing authorities, including the completion of a tax roll for the County at just valuation. The peremptory writ of mandamus issued in accordance with the final judgment required the proper officials of the County to begin within a reasonable and convenient period of time to complete the County tax roll of said County for the year 1964 and to thereafter comply with all duties imposed upon such officials by law and to make known to the trial court on or before 15 July 1964 how said officials have performed the commands required of them. Omitting formal parts, the final judgment and peremptory writ entered by the able chancellor below are as follows, viz:
(FINAL JUDGMENT)
"This cause came on for trial upon the Alternative Writ of Mandamus filed by the State of Florida, ex rel. Dupont Plaza Center, Inc., and the Return to the Alternative Writ of Mandamus made by the several respondents, including the County Commissioners of Dade County, Florida, Irving G. McNayr, as County Manager of Dade County, Florida, Sam Elcook as Tax Assessor of Dade County, Florida, and E.W. Wright, as Tax Collector of Dade County, Florida, and the Reply of the Relator to the Return to Alternative Writ of Mandamus. Testimony and evidence was submitted by the parties. Counsel for the Relator and for the Respondents fully argued the cause. The Court being duly advised in the premises, the Court finds:
"(A) That the Tax Assessor, Sam Elcook, has ascertained and determined the just valuation of all property subject to ad valorem taxes in Dade County, Florida, pursuant to the duty imposed upon him by the Constitution and laws of the State of Florida. He is now engaged in composing a tax roll for the year 1964 which will place said property on the tax roll at 50% of the just valuation ascertained by him as aforesaid. Moreover, the County Auditor, Mr. Blake, has produced before the Court a survey carefully accomplished by him at the direction of the County officials which establishes that the said property is in fact placed on the tax roll at a valuation of one-half of its just and ascertained value as aforesaid. Mr. Blake's survey supports the Tax Assessor in his conclusion that the valuation on all property in Dade County, Florida, subject to ad valorem taxes is uniform and equal, but that it is carried on the tax roll at only one-half of its just value as fixed by the County Tax Assessor. This method of fixing the valuation of property in Dade County, Florida, is contrary to law and is discriminatory, in that it increases the homestead exemption fixed by the Constitution at $5,000.00 to the actual sum of $10,000.00. This improper method of fixing valuation wholly exempts over 35,000 homestead parcels subject to taxation if their just valuation were placed on the tax roll and reduces the taxes of all parcels of homestead exemptions, the total of which exceeds 185,000. Thus, the tax roll now being composed by the Tax Assessor is obviously discriminatory and its net *144 effect is to require the other property in Dade County, Florida, to bear the tax burden that justly rests upon parcels which have the benefit of homestead exemption.
"The Supreme Court of Florida has said that this method adopted by the Dade County Tax Assessor of fixing the valuation on the tax roll is untenable and its adoption by the Tax Assessor is not in compliance with and does not discharge his statutory duties in composing his tax roll. See, Cosens [Cosen] Investment v. Overstreet, [154 Fla. 416,] 17 So.2d 788; Schleman v. Connecticut General Life Insurance Co., [151 Fla. 96,] 9 So.2d 197.
"(B) The Dade County Tax Assessor testified that just value of property may be accomplished by doubling the present values fixed on the tax roll and this may be done without significant delay and its accomplishment is a relatively simple matter. The Tax Assessor having arrived at the just valuation of property for his tax roll does not have the discretion to adopt 50% of it as the value for ad valorem tax purposes. `His discretion ran out at that point' where he arrived at just valuation. See Green etc. v. Walter, Etc., [Fla.,] 161 So.2d 830.
"Mandamus is the appropriate writ to require the Tax Assessor to correct his tax roll as is here indicated. See, [State ex rel. Kent Corporation] v. Board of County Commissioners of Broward County, [160 Fla. 900,] 37 So.2d 252; Green v. Walter, supra.
"A peremptory writ of mandamus requiring the Tax Assessor to assess at 100% of just value and not at 50% as now appearing on the tax roll, in no wise controls the Tax Assessor's discretion.
"It is thereupon
"ORDERED, ADJUDGED AND DECREED that the Relator, State of Florida ex rel. Dupont Plaza Center, Inc. do have and recover from the Respondents hereto as the taxing authorities of Dade County, Florida, judgment for the peremptory writ of mandamus requiring said taxing authorities and particularly the Tax Assessor, to forthwith begin and within a convenient period of time complete the tax roll for the year 1964 for the County of Dade, containing all taxable property in the County at just valuation, and to thereafter comply with all lawful duties imposed upon or required of said taxing authorities in regard thereto, including the completion of a tax roll containing all taxable property in the County at just valuation and the performance of all lawful duties as aforesaid. * * *"
(PEREMPTORY WRIT)
"State of Florida to CHARLES F. HALL, Mayor of Dade County, Florida; HAROLD A. GREENE, LEWIS W. WHITWORTH, JR., JOSEPH A. BOYD, JR., THOMAS D. O'MALLEY, ALEXANDER S. GORDON, ARTHUR H. PATTEN, JR., EARL M. STARNES, and R. HARDY MATHESON, as County Commissioners of Dade County, Florida; IRVING G. McNAYR, as County Manager; SAM ELCOOK, as the Chief Deputy Tax Assessor of Dade County, Florida; and E.W. WRIGHT, as the Chief Deputy Tax Collector of Dade County, Florida:
"The above cause having come on for trial on the 18th day of June, 1964, after due notice, and argument of counsel for the respective parties having been heard, and a final judgment having been entered in said cause granting and awarding to the relator a peremptory writ of mandamus.
"These are, therefore, to command you, the taxing authorities of Dade County, Florida, and particularly you, *145 SAM ELCOOK, as County Tax Assessor, be and you are hereby required to forthwith begin, and within a reasonable and convenient period of time, complete a tax roll for the year 1964 containing all the taxable property in the County, at just valuation and to thereafter comply with all lawful duties imposed upon or required of you in regard thereto; and you, and each of you, in your respective official capacities, are to do and perform all acts and duties in the premises necessary to effectuate the command hereof.
"It is further ordered, adjudged and decreed that you make known to this Court, on or before the 15th day of July, 1964, how you and each of you have performed the commands and acts required of you, and each of you, by this peremptory writ of mandamus. * * *"
We find that the trial court construed and correctly applied the previous decisions of this Court cited in the above final judgment to the facts in this case.
In its argument before the Bar of this Court, the County and its taxing officials have urged this Court to withhold the enforcement of the peremptory writ herein until they could complete an effective reassessment program, prior to 1966. We recognize the discretionary nature of the writ but the same argument was made to this Court in 1961 with reference to the tax roll of Dade County for that year. State ex rel. Glynn v. McNayr, Fla., 133 So.2d 312. In that case, this Court said that while the then contemplated program of reassessment  planned for completion by 1963  was not a determinative element in that decision "it does * * * indicate the good faith approach of the respondent officials in their efforts to comply with the requirements of the Constitution and applicable statutes." We think enough time has now elapsed and that these appellees are entitled to have their clear, legal right enforced. The final judgment and the peremptory writ are hereby
Affirmed.
DREW, C.J., and THOMAS, ROBERTS, THORNAL, O'CONNELL and CALDWELL, JJ., concur.
ERVIN, J., concurs specially with opinion.
ERVIN, Justice (concurring specially).
It is obvious from this case and earlier litigation that appellees are in law entitled to a writ of mandamus. However, this case has wide application to the tax-paying public of Dade County and secondary impact upon the assessment and collection of ad valorem taxes throughout the state. In such a situation the command of the writ should be made amenable to equitable considerations to avoid harshness, disruption and drastic application, and allow orderly administration of the taxing processes. Furthermore, the discretion of the tax assessor and other taxing officials of Dade County should not be coerced to require a mathematical doubling of the existing assessment, item by item, of property; instead, these officials should be required by the writ to perform their duties as prescribed by the Constitution and laws and assess at the rate of 100% each item of property, but such particular assessment or valuation should in each instance be made within their sound discretion.
It is noted that for tax exemption purposes homesteads have been classified specifically by the Constitution. Ch. 63-250 (F.S. § 193.021, F.S.A.) of the 1963 Legislature sets up criteria for the "just valuation" of all real and personal property. Agricultural lands and stock inventories and other particular species of property have been the subject of special legislation. See Ch. 193, F.S. This Court, in Tyson v. Lanier (Fla.), 156 So.2d 833, 5th and 6th headnotes, approved assessment of agricultural *146 lands on an acreage basis, adding that such mode of assessment was not inconsistent with the requirement that all property be assessed at full cash value.
I would affirm the issuance of the writ, but make its application operate as a general command subject to equitable considerations which in the judgment of the Circuit Court may be, or become necessary to avoid harshness or disruption in the taxation process of Dade County during the current year of 1964. In subsequent years there probably will be no need for further equity considerations and the command of the writ may not need to be so conditioned in subsequent years.