PER CURIAM.
The appellants brought a mandamus proceeding to direct the City Tax Assessor of West Palm Beach to submit to the city commissioners a 1964 tax roll which assessed taxable property at 100% of just value. The lower court granted a motion to quash the alternative writ and the petitioners have appealed.
The alternative writ alleged, in part, that the property in West Palm Beach is appraised at its just value and that the property is then listed on the tax roll at 56% of its just value. Shortly before this appeal was filed the Florida Supreme Court held that in Dade County property must be carried on the tax roll at 100% of just value rather than at 50% which had previously been the practice. See McNayr v. State, Fla.1964, 166 So.2d 142. The only significant difference between the present case and McNayr is that the present case concerns a city, while in McNayr a county was involved. The homestead exemption is available to city as well as county property owners and the same unfairness to non-home *456 stead property owners results in the present case as in the McNayr case. This rationale is set out in the McNayr case and it is not now necessary to repeat, the same. Sections 1 and 5 of Article IX of the Constitution, F.S.A. provide in effect that the legislature shall provide for a uniform and equal rate of taxation, that it shall prescribe such regulations as shall secure a just valuation of property both real and personal, that the legislature shall authorize the several counties and cities to assess and impose taxes for county and municipal purposes and that all property shall be taxed upon the principles established for state taxation but cities shall make their own assessments for municipal purposes on the property within their limits. These provisions of the Constitution have been construed as requiring cities to comply with the organic requirements of uniform and equal rate of taxation and with such statutory regulations as shall secure just valuation of all property. Rio Vista Hotel & Improvement Co. v. Belle Meade Development Corp., 1938, 132 Fla. 88, 182 So. 417 (cert. denied, 305 U.S. 655, 59 S.Ct. 251, 83 L.Ed. 424); Ranger Realty Co. v. Miller, 1931, 102 Fla. 378, 136 So. 546. Pursuant to these constitutional mandates, the legislature enacted § 193.021, Fla.Stat., F.S.A., which enumerates the factors to be taken into consideration by a county assessor of taxes in arriving at just valuation in assessing real and personal property. The charter of the City of West Palm Beach provides that the assessment rolls of the city shall be prepared in substantial conformity with the laws of the State of Florida. The tax assessor of the city has a clear legal duty to assess all property within the city at its just value.
The parties, both at oral argument and by subsequent stipulation filed in this cause, have agreed that it would be unnecessarily harsh and it would disrupt the taxation process of the city if this court reversed the order of the trial court quashing the alternative writ, thereby requiring the parties to proceed in this cause in the trial court on a contest of the 1964 tax assessment roll at a time subsequent to its completion and the collection of a substantial part of the 1964 taxes. Accordingly, the judgment appealed is reversed with directions to enter an order denying the motion to quash the alternative writ and for further proceedings consistent with this opinion and the stipulation of the parties that further proceedings herein shall relate solely to the 1965 tax assessment roll of the city.
SMITH, C. J., and SHANNON and KANNER (Ret.), JJ., concur.