210 So.2d 725 (1968)
ST. JOE PAPER COMPANY, a Florida Corporation, Appellant,
v.
Tom I. BROWN, H.G. Easterwood, Jack Levins, Fred O. Drake, Jr., and Jack Whiddon, Constituting the Board of County Commissioners of Leon County, Florida, and ex Officio, the Board of Equalization of Said County; John Brown, As Tax Assessor of Leon County, Florida; Roy E. Lett, As Tax Collector of Leon County, Florida; Fred O. Dickinson, Jr., As Comptroller of the State of Florida, and Florida Power Corporation, a Florida Corporation, Appellees.
Nos. I-392, I-393.
District Court of Appeal of Florida. First District.
April 16, 1968.
*726 Isler & Welch, Panama City, and Starry & Thompson, Tallahassee, for appellant.
F.E. Steinmeyer, III, J., Klein Wigginton, of Parker, Foster & Madigan, Tallahassee, Earl Faircloth, Atty. Gen., Fred M. Burns, Asst. Atty. Gen., Charles D. McClure, and Ausley, Ausley, McMullen, O'Bryan, Michaels & McGehee, Tallahassee, for appellees.
SPECTOR, Judge.
This is an appeal from a final decree in an action challenging the valuations placed on appellant's agricultural lands by the tax assessor for the years 1964 and 1965. Two separate cases were filed by the appellant as to each of said taxing years. Both cases were consolidated for trial by the lower court and were consolidated for review before this court.
Appellant is the owner of some 54,000 acres of real estate in Leon County and also the lessee of 7,000 additional acres. Under the terms of the said lease, appellant is obligated to pay all of the ad valorem taxes on the leased land over a fixed amount. The lands in question are agricultural lands within the meaning of Section 193.11(3), Florida Statutes, 1965, F.S.A. Said lands were treated by the parties and the court below in two categories according to their use. The bulk, some 52,000 acres including the leased land, is devoted to forest and timberland purposes. The remainder, some 9,000 acres, consists of appellant's Southward Farm property which has its highest and best agricultural use in a pasture and beef production operation.
The valuations placed upon the farm property by the assessor in 1964 ranged from $120 per acre to $774.65 per acre. The average valuation per acre made by the assessor on the farm property was $194.64. In pursuance of its contention that the valuations made by the assessor were illegally excessive, appellant submitted an exhibit reflecting its view of "just value" per acre on the same farm property to range from $38.03 to $100. The average "just value" per acre asserted by the taxpayer was $81.66  an average of less than half that resulting from the assessor's valuations.
The owned forestry or timberlands involved were valued by the assessor in 1964 at a range of $31.99 upwards to $398.78 for an average valuation per acre of $84.06. The leased forestry or timberland of appellant was assessed at a range of $34.53 to $160 for an average of $98.39. By its pleadings appellant contends its owned lands to be valued at a range of *727 $2.57 upwards to $100. Average value per acre alleged as to its owned land was $30. Its leased lands are alleged to be valued at a range of $19.91 to $39.87 per acre for an average of $31.50. Similar allegations were made by appellant that the valuations placed on its forestry lands were illegally excessive. The foregoing figures were taken from the pleadings and exhibits filed in the 1964 case. The figures applicable for the year 1965 differ from the cited amounts only slightly, and no useful purpose would be served by a recitation of the 1965 figures which would reflect only slight and immaterial variations.
The essence of appellant's complaint is that the taxing officials arbitrarily and illegally assessed its lands for ad valorem tax purposes in that the assessed value was in excess of the full value for agricultural purposes as provided for by Section 193.11(3), Florida Statutes, 1965, F.S.A., as said statutory provision was construed by the Supreme Court in Tyson v. Lanier, 156 So.2d 833.
At the final hearing before the trial court, the appellant taxpayer was permitted to introduce evidence of the value for agricultural purposes of the lands in question in order to overcome the presumption of validity and correctness accorded the assessment made by the tax assessor. In Harbond, Inc. v. Anderson, 134 So.2d 816 at page 820 (Fla.App.2d 1961), the court in speaking of the weight to be given such official actions, stated:
"* * * When made by proper officers, the prima facie correctness of an assessment, to be overcome, must be affirmatively assailed by appropriate and sufficient allegations and proofs, to the exclusion of every reasonable hypothesis of legal assessment. * * *"
After the taking of testimony in the instant case, the trial court entered an order stating in part the following:
"The Court finds that the process or method used by the Plaintiff's witnesses for the establishment of the taxable value of the Plaintiff's owned and leased forestry lands by their version of the income approach while ignoring the value of the standing timber, is not a sufficient basis, standing alone, for the valuations of forestry property and, therefore, the Plaintiff has failed to established a prima facie case as to the alleged excessive assessments for the year 1964 on the Plaintiff's owned and leased forestry and timber lands which is the subject matter of this litigation."
The above quoted excerpt from the decree being reviewed sets forth the lower court's basis for its judgment as to the forestry lands of the appellant. By its brief, appellant contends that the evidence consisting of its expert witness's opinion as to value of the forestry lands based solely on the income method of valuation was sufficient to establish a prima facie case of illegal assessment under Section 193.11(3). Florida Statutes, 1965, F.S.A. We have examined the cases construing said statutory provisions and fail to find any case holding that the income method of valuation is the sole criterion to be followed by the assessor in the performance of his duty in that regard. The language of the statute itself does not provide that the income method shall be the sole standard of value of agricultural lands.
In Markham v. Blount, 175 So.2d 526, the Supreme Court, after reaffirming its earlier holding in Lanier v. Overstreet, 175 So.2d 521, that Section 193.11(3), Florida Statutes, F.S.A., was a valid enactment, went further and held that said statute was to be construed in pari materia with Section 193.021, Florida Statutes, F.S.A.
The latter statute, Section 193.021, Florida Statutes, 1965, F.S.A., creates a measure of valuation based upon seven criteria for determining just value for assessment purposes, to wit: present cash value, highest and best use in the immediate future and present use, location, quantity or size, cost of property and present replacement value of improvements, condition and income. (In *728 1967, the Legislature amended this section by adding thereto an additional criterion based on the net proceeds of a sale of the property after deducting certain enumerated expenses.) This section expressly provides that the criteria therein contained shall be taken into consideration by the assessors in arriving at a just valuation.
In the Markham case, supra, the court held that the criteria enumerated in Section 193.021 should be applied to agricultural property. In speaking of the assessment process as to agricultural lands under the mandate of Section 193.11(3), Florida Statutes, F.S.A., the court said 175 So.2d at page 528:
"* * * the just valuation of such lands is to be determined from their bona fide use as such farming, pasture, grove or forestry operations, as contemplated by Subsection 3 of Section 193.11, Florida Statutes, F.S.A., and not their value for collateral and other unlimited purposes, not of an agricultural nature. In reading the factors of `just valuation' prescribed by Section 193.021 for agricultural property, the agricultural factor must be taken into account as the only factor in each instance, concerning agricultural land. For example, the factor described in Subsection 1 of 193.021 of `the present cash value of the property' as to agricultural property would be read and interpreted as if it stated `the present "agricultural" cash value of the property,' and so on through the remaining six criteria or factors of value described in said Section 193.021, Subsections (1) through (7), both inclusive. * * *"
The income criterion relied upon exclusively by appellants is not only a proper measure of value of agricultural lands, but when taken together with the other enumerated criteria, as it must be, it should be given great weight because of its peculiarly influencing effect as to the value of agricultural lands. But neither the statutes nor the case decisions state that it is the only criterion to be followed by the assessor in arriving at his assessment. All of the enumerated criteria should be taken into account, not just one. It well may be that as to a given parcel of property, one or more of the enumerated criteria may not be susceptible of application. In such event, the evidence presented to be weighed by the trier of fact must show its inappropriateness as a measure of value.
Inasmuch as the appellant confined its evidence of value of the forestry lands to the income method only and chose not to proceed with evidence respecting the other criteria also, as is required under the Supreme Court's decision in the Markham case, supra, it is our view that the trial court correctly held that appellant had failed to make out a prima facie case as to illegal excessiveness of the assessment on its forestry lands.
As to the Southwood Farm property owned by appellant, the court below held that appellant did make out a prima facie case showing that the assessments on the farm property were illegally excessive and thereupon required the assessor to put on his evidence concerning value. Extensive testimony of experts was considered by the court below as a result of which the assessor was required to reduce the value on appellant's farm land so that none of it would be assessed above $300 per acre. Our review of the testimony given by all of the witnesses as to the value of the farm property and consideration of appellant's arguments on that phase of these cases leads us to the conclusion that the appellant has only demonstrated a difference of opinion as to value, but has failed to show that the valuation of the farm property was illegally excessive after the reductions in value as to some of the property were imposed by the trial court. City of Tampa v. Palmer, 89 Fla. 514, 105 So. 115.
Affirmed.
CARROLL, DONALD K., Acting C.J., and RAWLS, J., concur.