220 So.2d 695 (1969)
KEITH INVESTMENTS, INC., a Florida Corporation, Appellant,
v.
Curtis M. JAMES, As Tax Collector of St. Lucie County, Florida, and Fred O. Dickinson, Jr., As Comptroller of the State of Florida, and J. Walter Hebb, As Tax Assessor for St. Lucie County, Florida, Appellees.
No. 1492.
District Court of Appeal of Florida. Fourth District.
March 5, 1969.
Rehearing Denied April 14, 1969.
*696 Robert C. Ward, of Sibley, Giblin, Levenson & Ward, Miami Beach, for appellant.
Ralph B. Wilson, Fort Pierce, for appellee Fred O. Dickinson, Jr.
John T. Brennan, of Carlton, Brennan & McAliley, Fort Pierce, for appellee J. Walter Hebb.
WALDEN, Chief Judge.
This appeal is from a final order dismissing plaintiff's complaint, and in effect upholding the validity of an assessment upon plaintiff's real property.
Keith Investments, Inc., brought this suit to challenge the validity of the 1965 tax assessment on certain of its property located in Saint Lucie County. The property, known as the Sears Town shopping center, was assessed at $1,205,210.00 for the buildings, and $649,460.00 for the approximately 27 acres of land, or a total of $1,854,670.00.
The complaint alleged that the tax assessor had systematically, intentionally and purposefully discriminated against plaintiff by placing its property at a higher relative valuation than similar property in Saint Lucie County.
Following the non-jury trial, the court entered its order dismissing the complaint with prejudice, finding,
"* * * that the Plaintiff has failed to prove or establish the allegations of the Complaint filed herein and has failed to prove or establish that there has been any abuse in the tax assessment complained of or that the same was rendered in any arbitrary or discriminatory manner. * * *"
Petition for rehearing was denied, and plaintiff appeals.
We, like the trial judge, are unable to say that the assessor acted arbitrarily or discriminatorily, and therefore affirm.
The weight to be given the official assessment is great.
"When made by proper officers, the prima facie correctness of an assessment, to be overcome, must be affirmatively assailed by appropriate and sufficient allegations and proofs, to the exclusion of every reasonable hypotheses of legal assessment."[1]
Certainly this should not be taken to mean that any assessment will be upheld; it simply reflects the necessity for a plaintiff to demonstrate more than a mere difference of opinion as to the just valuation of the property in question.
Though the tax assessor may exercise discretion, he is limited to an ascertainment of the standard of just valuation;[2] and by Section 193.021, F.S. 1963, F.S.A., the legislature prescribed seven criteria for determining just value for assessment purposes: present cash value, highest and best use in the immediate future and present use, location, quantity or size, cost of property and present replacement value of improvements, condition and income.[3]
Presentation of this case was hampered by the death of the tax assessor prior to trial. Nevertheless, considerable evidence was presented by both sides. On the one *697 hand, plaintiff's expert witness asserted that the assessed value exceeded the amount which he had determined, taking into account the criteria of Section 193.021, to be a just valuation.
On the other hand, testimony by a deputy tax assessor and by expert witnesses on the assessor's behalf presented the view that the assessment was correct. It was asserted that the standards in Section 193.021 had all been considered.
The primary argument of plaintiff is that it was manifestly improper for the land upon which the shopping center was built to have been assessed at $649,460.00 when another tract of land directly north and also fronting on U.S. Highway No. 1 was assessed at only $360,900.30, although that parcel, known as the Ursin tract, was more than twice as large.
On its face the disparity in comparative assessments is difficult to reconcile. It was brought out, however, that the zoning of the Ursin tract was considerably more restrictive, limiting the "highest and best use to which the property can be expected to be put to use in the immediate future"[4] largely to non-commercial uses.
Plaintiff has not suggested that the zoning of either its property or of the Ursin tract is unreasonable; it has only presented the possibility that in the future the Ursin zoning might be changed. Its contention that the assessor failed to consider potential zoning changes of the Ursin tract is not supportable rather the assessor would have acted erroneously had he considered such a speculative change of circumstance. The Supreme Court said, in Lanier v. Overstreet, Fla. 1965, 175 So.2d 521, that,
"* * * [T]here is nothing in the legislative regulations respecting the `just valuation' of taxable property to authorize the assessment of property in accordance with a potential use which might be made of the property at some future time. * * * all of the legislative directives in this field appear to have been designed to make sure that, in doubtful areas, the assessment will be made on the basis of the actual use to which the property is designed to be put during the particular tax year."
Plaintiff also argues that the tax assessor ignored the price of $365,000.00 paid for the land in 1960 and 1961 when it was purchased in small parcels by a conduit corporation of plaintiff. But it was admitted that that price did not reflect the value of abandoned road right of ways within the tract; nor did it reflect that the land was at that time low and marshy, was intersected by streets and had a severe drainage problem. Even more fundamentally, plaintiff's argument runs afoul of the principle that sales price, though one of the seven statutory criteria, is not the only criterion.[5] In any assessment, some criteria will indicate a value in excess of the ultimate figure, while some will indicate a figure below the final evaluation. A showing that one or even several of the factors may indicate a value lower than the assessment will not suffice to exclude "every reasonable hypothesis of legal assessment." Plaintiff's petition for rehearing asserted that the 1966 tax roll placed a lower valuation upon its property than had the 1965 tax roll, and that therefore the 1965 assessment was presumptively invalid. However, a mere showing that the two assessments are different does not make one of them necessarily invalid; especially in view of the fact that these two tax rolls were prepared by different assessors.
Plaintiff's attack on its 1965 assessment must stand or fall on its own validity, unconnected with the assessment of any prior or subsequent year. We have concluded, considering the conflicting evidence *698 presented, that plaintiff has failed to carry its burden of showing the official 1965 assessment was unreasonable or arbitrary.
Plaintiff's remaining appellate point, relating to the amount of expert witness fees charged against plaintiff, is without merit. The fees awarded are within allowable limits,[6] therefore no abuse of the trial court's discretion has been demonstrated.
Affirmed.
REED, J., and MURPHREE, JOHN A.H., Associate Judge, concur.
NOTES
[1] Harbond, Inc. v. Anderson, Fla.App. 1961, 134 So.2d 816; St. Joe Paper Co. v. Brown, Fla.App. 1968, 210 So.2d 725. See also State ex rel. Kent Corporation v. Board of County Commissioners of Broward County, 1948, 160 Fla. 900, 37 So.2d 252, wherein the court said that the determination of the assessor is entitled to great weight, especially where it bears the approval of the trial court.
[2] Walter v. Schuler, Fla. 1965, 176 So.2d 81.
[3] An additional criteria, not here material, was added in 1967.
[4] Section 193.021(2), F.S. 1967, F.S.A.
[5] State ex rel. Conboy v. Colding, Fla. App. 1967, 200 So.2d 246.
[6] Section 90.231(2), F.S. 1967, F.S.A.