PER CURIAM.
By this appeal, the County questions the correctness of a final decree entered by the trial court, reducing the assessments for the calendar year 1965 on certain properties owned by the appellee.
The primary evidence in the record as to the “just value” of the properties involved was the recent cost of the properties at a bona fide sale ;[1] the assessed value of comparable property in the. surrounding area; and the fact that there had been no change in the surrounding area or the property involved between the time of the last purchase and the assessment date. The period between the last purchase and the assessment date was of short duration. [Between the date of the first purchase and the latter, the properties decreased in sales price.]
We find that this showing on behalf of the property owner was sufficient to .shift the burden to the County taxing authorities to justify their assessments.[2] The County did not go forward with sufficient evidence to support the assessments. The trial court reduced the assessments to the level reflected in the recent sales and fixed interest at 6% on the difference in the tax between that as deposited in the registry of the court and) that as ultimately found due.
The County appeals, contending (1) that the evidence was insufficient by the plaintiff to justify a reduction in the assessments, and (2) that the interest, pursuant to § 193.51, Fla.Stat., F.S.A., on the undeposit-ed balance of the tax should be 18% rather than 6%.
Generally, assessments are presumed to be valid. City of Tampa v. Palmer, 89 Fla. 514, 105 So. 115; Harbond, Inc. v. Anderson, Fla.App.1961, 134 So.2d 816; St. Joe Paper Company v. Brown, Fla.App.1963, 210 So.2d 725. The burden is on the landowner to demonstrate that the assessments are incorrect. City of Tampa v. Palmer, supra; Harbond, Inc. v. Anderson, supra; St. Joe Paper Company v. Brown, supra. However, once the landowner puts on evidence of the type indicated above, it is incumbent upon the taxing authorities to come forward with evidence to justify their assessments. The County failed to do this in the instant case and, therefore, we affirm the action of the chancellor in reducing the assessments. Lanier v. Overstreet, Fla.1965, 175 So.2d 521; Walter v. Schuler, Fla.1955, 176 So.2d 81; Homer v. Dadeland *266 Shopping Center, Inc., Fla.App.1969, 217 So.2d 844 (opinion filed January 14, 1969).
The question of the amount of interest which should have been paid on the additional tax [which was not deposited in the registry of the court] has recently been considered by this court. See Dade County v. Universal American Realty Corp., Fla.App.1969, not yet reported, opinion filed April 15, 1969. In that case we held that § 193.51, Fla.Stat., F.S.A., was binding upon the trial court in a similar situation. We therefore find that the trial court erred in assessing interest at 6% upon that portion of the tax which was not deposited.
The judgment is affirmed in part and reversed in part and remanded for an amended judgment fixing the amount of interest in accordance with § 193.51, Fla.Stat., F.S.A.
Affirmed in part, reversed in part and remanded.

. There were two sales of recent vintage involving the properties which are the subject matter of this action.

. The landowner attempted to secure the testimony from the then tax assessor in office on the assessment date in question, and' should not be penalized for the inability of process to be served upon the assessor.