SWANN, Judge.
Dade County appeals from a final judgment for the plaintiffs below.
The final judgment affected the 1963 and 1966 tax assessments on the real property and improvements known as the Morton Towers complex.
The record reflects that in 1964 and 1965 the tax assessment on the land in question was $907,380.00 and the tax assessment on the improvements thereon was $9,765,020.00. The 1966 tax assessments were increased to $1,814,020.00 on the land and $10,512,680.00 on the improvements thereon.
It is conceded that the trial judge accepted the 1966 tax assessment placed on the improvements by the tax assessor as correctly reflecting the fair market value. He would not accept as correct the doubling of the tax assessment on the land from $907,380.00 in 1964 and 1965 to $1,-814,020.00 in 1966.
Although there was conflicting evidence in the record, we find sufficient, competent and substantial evidence in the record on appeal to affirm the final judgment concerning the 1966 tax assessment. See Metropolitan Dade County v. Adler Built Industries, Inc., 3 D.C.A., 222 So.2d 264, Opinion filed April 29, 1969. We affirm this part of the final judgment.
The parties entered into and filed a written stipulation in the trial court. It provided, in pertinent part:
“STIPULATED that upon the conclusion of the instant two cases now pending in this Court, that the assessment ascertained by the Chancellor will be used in settling the case now pending for the 1963 taxes, Case No. 63C 12901, by applying 50% of said assessment determined by the Chancellor in the two cases before this Court, it being agreed that.the 1963 tax computation shall be at 1963 millage, but in no event shall the assessment for 1963 exceed that already determined by the Assessor for the year 1963.”
The tax assessment for 1966 was ascertained by the chancellor. The chancellor, on the basis of his findings concerning the 1966 assessment, followed the written stipulation in determining the 1963 assessment. Under these circumstances, we find no error in the final judgment concerning the 1963 tax assessment.
The final judgment did not assess or impose any interest or penalty on the plain *118 tiff-taxpayer. It did provide that interest would commence to run thirty days after the judgment became final.
This was erroneous. “[T]he provisions of § 193.51(1) [interest from date taxes become delinquent] are mandatory, not discretionary.” Dade County v. Universal American Realty Corp., Case No. 68-632, 3rd D.C.A., opinion filed April 15, 1969. “The general rule is that where in good faith liability to a tax is contested in the courts until after the tax is due and payable * * * the taxpayer is liable for interest on the unpaid valid portion of the tax, unless the law otherwise provides.” State ex rel. East Coast Lumber and Supply Co. v. Lee, 127 Fla. 112, 124, 172 So. 722, 727 (1937).
The final judgment herein appealed is affirmed except for that portion which imposed no interest until thirty days after the final judgment became final and as to that portion is reversed and remanded to the trial court for the entry of an order imposing interest from the date that any unpaid and valid portion of the tax became delinquent under Fla.Stat. § 193.51, F.S.A.
It Is So Ordered.