PER CURIAM.
Metropolitan Dade County appeals from a final judgment rendered for plaintiffs (appellees) in a consolidated suit in which they had challenged the 1967 and 1968 tax assessments on their real property.
The first point raised by Dade County basically challenges the sufficiency of the evidence considered by the trial judge in arriving at his decision and final judgment. It is argued that he did not consider all the improvements on the realty. A review of the record reveals that it contained sufficient, competent and substantial evidence as to all the improvements on the real property which the trial court judge properly considered in arriving at his final judgment.
Under Point Two it is argued that the 1967 and 1968 real property tax assessments should have been upheld under the rule of Harbond, Inc. v. Anderson, Fla.App. 1961, 134 So.2d 816. We think the trial court properly followed the rule pronounced in Keith Investments, Inc. v. James, Fla, App.1969, 220 So.2d 695.
In its third point Dade County argues that the trial judge should not have considered any of the testimony of an expert witness for the appellees. The record shows that the expert witness was properly qualified and the trial judge properly judged his credibility and the weight to be given to any, or all, of his testimony.
In its last point the county argues that the trial court erred in the final judgment by awarding costs to the plaintiff “which were to be fixed by future order of this *536 court.” Appellees concede to this point on appeal and agree that no order fixing costs was ever made and that they would not apply for any such order. Under these circumstances we will not discuss the propriety of that portion of the final judgment. Cf. Simpson v. Merrill, Fla.1970, 234 So.2d 350, filed April 15, 1970.
There apparently were some errors or misconceptions made in the final judgment but we do not find those raised by appellant sufficient to warrant reversal.
Affirmed.