PER CURIAM.
These are consolidated appeals from a final judgment fixing ad valorem tax valuation on the property of the appellant for the years 1968 and 1969. The trial court found the following values for City and County taxes: 1968, valuation of 15.5-mil-lion dollars for City tax purposes; 1969, valuation-for City tax purposes 15.1-million dollars; and 1969, valuation for County tax purposes 15.1-million dollars.
From a review and consideration of the record before this court we are of the opinion that the tax values found by the trial court are not supported by competent substantial evidence. As the trial court observed, the City conceded that its assessed value of $19,752,400.00 for 1968, and $20,000,200.00 for 1969 were excessive and were not supported by evidence at the trial.[1] The tax value determined by the *57 lower court was based exclusively on the testimony of defendant’s appraiser.[2] The various approaches utilized by the defendant’s appraiser in arriving at certain valuations, i. e., market data approach and an income approach, was premised upon a consideration of comparable sales and an analysis of case studies involving shopping center valuations. In our opinion the premise relied upon by the appraiser was faulty inasmuch as there was a failure to reasonably relate the factors upon which the appraiser relied to the specific property in question. While the approaches utilized by the appraiser and relied upon by the court are conventional, the values ultimately determined were predicated upon consideration of erroneous factors.
Although the appellant, through his own appraisers, presented evidence that the value of the property for tax purposes for 1968 and 1969 was between 11-million and 11.4-million dollars, we are also of the opinion that such evidence does not support the appellant’s asserted value.
Accordingly and with due recognition of the complexities involved in the determination of tax values we must reverse the order appealed from and remand the same for new trial consistent herewith.
Reversed and remanded.
WALDEN and MAGER, JJ., concur.
REED, C. J., dissents, with opinion.

. There is therefore no prima facie correctness of the City tax assessments. Powell v. Kelly, Fla.1969, 223 So.2d 305; Metropolitan Dade County v. Adler Built Indus., Inc., Fla.App.1969, 222 So.2d 264.

. In establishing the valuation of City and County for ad valorem tax purposes the trial court selected the income or economic approach as the method for • determining fair market value. See McNayr v. Claughton, Fla.App.1967, 198 So.2d 366.