BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Fourth District, reported at 279 So.2d 56. Our jurisdiction is based upon conflict[1] between the decision sought to be reviewed and Powell v. Kelly,[2] Exchange Realty Corp. v. Hillsborough Co.,[3] and McNayr v. Claughton,[4] inter alia.
The facts of this case are as follows. Respondent, being dissatisfied with the 1968 and 1969 tax assessments imposed by the City of West Palm Beach and Palm Beach County, filed suit attacking the valuations. The 1968 county tax case was tried separately and does not concern us here. The 1968 and 1969 city ad valorem assessment suit and the 1969 county ad va-lorem assessment suit were consolidated for trial; the city now concedes its assessments were excessive and is not objecting presently to the retrial of its case. Of the four assessments initially challenged, only the 1969 county assessment is now before this Court. At the trial of the cause, Petitioner did not call its tax assessor for an explanation of how he had arrived at the valuation, relying instead upon a detailed appraisal report prepared by its expert appraiser, who testified that he had employed three accepted methods of property valuation (cost approach, market data approach and income approach) and had incorporated therein the various criteria of valuation set forth in Section 193.011, Florida Statutes, F.S.A.[5] The opinion of Petitioner’s appraiser as to the fair market value of Respondent’s property was $15,900,000, compared to Petitioner’s tax assessor’s valuation of $15,100,000. On the basis of the evidence presented, the trial court not only upheld the validity of Petitioner’s assessment, but specifically found that the approaches of its appraiser were more objective than those of Respondent’s appraiser. Respondent appealed this judgment to the District Court of Appeal, Fourth District, which reversed the decision and remanded the case for a new trial to reconsider the matter of fair market value, because it found that Petitioner’s expert appraiser did not sufficiently relate the comparable sales he analyzed to the subject property, al *300 though the court also found that the evidence did not justify Respondent’s proposed assessment of $11,400,000.
While recognizing the well-established presumption of correctness which favors the taxing authorities,[6] we note that the trial court did not base its ruling on that presumption; instead, the court determined that, based on the conflicting evidence, the fair market value of Respondent’s property was that assessed by Petitioners. Thus, it is apparent that Respondent’s complaint and proof failed to create the required “complete case for equitable relief by excluding every reasonable hypothesis of a legal assessment against him”.[7] It is important to our consideration to bear in mind that, while the opinion of the tax assessor is not conclusive, it is entitled to great weight, especially where it bears the approval of the trial court.[8]
In the instant case, the prima facie correctness of Petitioner’s assessment is further strengthened by the long accepted principle of law which requires an appellate court to presume that the factual findings of a trial court are correct.[9] Beyond this presumption, however, an examination of the evidence before the trial court discloses that Petitioner’s appraiser testified in detail as to each of the approaches he used (cost, market data and income); therefore, we conclude that there was competent substantial evidence to support the trial court’s judgment.
In view of the foregoing, the decision of the District Court is quashed and the cause remanded with directions that the judgment of the trial court be reinstated.
It is so ordered.
ADKINS, C. J., and ROBERTS, ERVIN and DEICLE, JJ., concur.

. Article V, Section 3(b)(3), Florida Constitution, F.S.A.

. 223 So.2d 305 (Fla.1969).

. 272 So.2d 534 (Fla.App.1973).

. 198 So.2d 366 (Fla.App.1967).

. “193.011 Assessment at just valuation.— The county assessor of taxes of the several counties shall assess all the real and personal property in said counties in such a manner as to secure a just valuation as required by § 4, Art. VII of the state constitution. In arriving at a just valuation, the county assessors of taxes of the several counties shall take into consideration the following factors:
“(1) The present cash value of the property ;
“(2) The highest and best use to which the property can be expected to be put in the immediate future; and the present use of the property;
“ (3) The location of said property;
“(4) The quantity or size of said property;
“(5) The cost of said property and the present replacement value of any improvements thereon;
“(6) The condition of said property;
“(7) The income from said property; and
“(8) The net proceeds of the sale of the property, as received by the seller, after deduction of all of the usual and reasonable fees and costs of the sale, including the costs and expenses of financing.”

. Exchange Realty Corp. v. Hillsborough County, supra, see Note 3; Powell v. Kelly, supra, see Note 2; City of Tampa v. Palmer, 89 Fla. 514, 105 So. 115 (1925); inter alia.

. Exchange Realty Corporation, supra, see Note 3.

. State ex rel. Kent Corporation v. Board of County Com’rs of Broward County, 160 Fla. 900, 37 So.2d 252 (1948).

. Greenwood v. Oates, 251 So.2d 665 (Fla.1971); Jeffreys v. Simpson, 222 So.2d 224 (Fla.App.1969).