SMITH, III, C.M., Associate Judge.
Spencer Estates of Florida, LLC (“Spencer”) appeals from a lower court order that denied its motion for contempt and to enforce final judgment. The basis for the trial court’s denial was a lack of jurisdiction. For the reasons stated below, we affirm.
In litigation regarding the agricultural classification of Spencer’s property for the 2008 tax year, the trial court found that the property had received an agricultural classification from a court of competent jurisdiction as a result of litigation regarding the 2006 and 2007 tax years. The trial court further found that the property continued to be eligible to receive the agricultural classification until the use of the property changed. The trial court then required Appellee, Edward Havill, Lake County Property Appraiser (“Havill”) to “reclassify that portion of lots 3 and 4 which was classified in 2008 as ‘Vacant Lakefront’ property and classify it as agricultural so that Spencer’s entire property was classified agricultural. In 2009 and 2010, Havill again only granted the agricultural classification to a portion of the same property and denied the agricultural classification as a whole. As a result, Spencer filed a motion for contempt and to enforce the final judgment in the 2008 case. In his motion, he admitted that Havill refunded the overpaid property taxes for 2008 as ordered. The motion sought the agricultural classification for the entire property and a refund for 2009 and 2010. After conducting a hearing where arguments were heard, the trial court denied the motion finding:
The Final Judgment sought to be enforced relates to the agricultural classification for the subject property for the tax year 2008. The ruling in the Final Judgment has been complied with by [Havill]. In the subject Motion, Plaintiff seeks relief for the tax years 2009 and 2010. Each year stands on its own for ad valorem purposes. Simpson v.Merrill, 234 So.2d 350 (Fla.1970); Keith Investments v.James, 220 So.2d 695 (Fla. 4th DCA 1969). This Court lacks jurisdiction to grant relief sought.
We agree that Spencer sought an improper remedy under the 2008 case for the 2009 and 2010 agricultural classification. Havill complied with the final judgment in the 2008 case. If there was no change in the use of Spencer’s property subsequent to the trial court’s judgment in the 2008 case, the proper remedy is to seek fees and costs pursuant to section 57.105, Florida Statute, in the new litigation challenging the 2009 and 2010 classifications.
The trial court’s judgment finding no jurisdiction is affirmed.
AFFIRMED.
EVANDER, J., concurs.
BERGER, J., concurs and concurs specially, with opinion.