231 So.2d 243 (1970)
METROPOLITAN DADE COUNTY; W. Wirt Culbertson, Metropolitan Dade County Tax Assessor; Robert K. Overstreet, Metropolitan Dade County Tax Collector; and Fred O. Dickinson, Comptroller of the State of Florida, Appellants,
v.
TROPICAL PARK, INC., a Florida Corporation, Appellee.
No. 69-50.
District Court of Appeal of Florida, Third District.
February 10, 1970.
*244 Thomas C. Britton, County Atty., and John G. Fletcher, Asst. County Atty., for appellants.
Worley, Gautier & Patterson, and Robert G. Worley, Miami, for appellee.
Before PEARSON, C.J., and HENDRY, J., and LOPEZ, AQUILINO, Jr., Associate Judge.
PER CURIAM.
This is an appeal taken from final judgment in this cause which held that the 1967 tax values on several parcels of property comprising the Tropical Park race track was excessive and which reduced said assessment valuation. Tropical filed suit challenging the 1967 tax valuation on its horse race track but at the non-jury trial of this cause Tropical announced that it was challenging only the allocation of values placed on certain elements of its real property which included the valuation of its "Tartan" track and the allocation of value on its land. It accepted the allocation of value as to many improvements such as stables, grandstands, etc. Tropical presented testimony as to the Tartan track and land only.
The trial judge entered a final judgment which set forth the following:
"The testimony revealed that Parcel A of the plaintiff's property, consisting of approximately 224 acres of land, is situated in an unincorporated area of Dade County, Florida, upon which is located Tropical Park Race Track. It is used by the plaintiff for the operation of a horse racing track and for pari-mutuel wagering thereon under a racing permit issued by the State of Florida. In 1967 the Dade County Tax Assessor assessed Parcel A for $5,454,510.00, broken down as follows:
$2,436,150.00 for improvements on the property;
$3,018,360.00 as land value.
"In regard to the land values, the Assessor assessed a strip on the northern boundary of the race track bordering on Bird Road at the rate of $130.00 per front foot for a depth of 100 feet; he further assessed a 30-acre portion of Parcel A contiguous to and used in conjunction with the race track operation, which is zoned for agricultural use, at $9,000.00 an acre, and assessed the remainder of Parcel A, approximately 182 acres, at 30 cents per square foot. Included in the improvement value of Parcel A there was an amount of $886,000.00 attributed to a Tartan Track which was installed in 1966 by the plaintiff; that value is challenged by the plaintiff because it claims this was installed for experimental purposes only and adds nothing to the value of the property. The remainder of the valuation placed on the improvements of Parcel A are unchallenged.
"The second parcel known as Parcel B consists of 16.9 acres and is located on the north side of Bird Road directly across from Parcel A. This parcel, owned by the plaintiff, is used partially for parking in conjunction with the operation of its business, and the remainder is used for recreational purposes for the general public. The 1967 assessment for Parcel B was $318,220.00; the frontage on the north side of Bird Road was assessed at $130.00 per front foot for a depth of 165 feet, with the balance rated downward at 50 cents and 25 cents per square foot.
* * * * * *
"The plaintiff complains that its property is over-valued because it operates a horse race track and handles millions of dollars annually and holds a highly valued racing permit. In view of the testimony offered, this contention appears to be borne out. This is contrary to the *245 weight of authority that holds to increase assessments because of income from the land, such income must be derived from the use of the land as opposed to the business operated on it, otherwise, this would amount to double taxation to the taxpayer.
"See People ex rel. Metropolitan Jockey Club v. Mills [190 Misc. 277] 72 N.Y.S.2d 757;
84 C.J.S. Taxation, Sec. 411; 96 A.L.R.2d 679, Sec. 4(b)."
The County has presented three points upon appeal. The first claims error because the trial court found that the opinion of Tropical's expert witness was based on the capital income method when there was no substantial evidence to support such a finding. In discussing the testimony of this expert the court said:
"His opinions were based on the capital income method, the cost less depreciation method, and the comparable sales method. In regard to the latter, the expert testified that he employed a technique known as the `principle of substitution', whereby his opinion of fair market value in this case was aided by an examination of large parcels of land which could be used for race track purposes and which could be substituted for the land now owned by the plaintiff."
It is clear from the testimony before the court that the court should have said that the expert "considered" rather than "based". We think that the error is harmless. The crucial finding of the trial judge is that Tropical's property was over-valued because it operates a horse race track and holds a highly valued racing permit and that income from the operation of a business of this nature cannot be the basis for the value set for the land used.
The appellant's second point urges that the appellee failed to carry its burden of proof and that the cause should have been dismissed at the close of appellee's case. The County's argument is actually two pronged: it argues that (a) a taxpayer may not contest only a portion of his total assessment; (b) the appellee failed to show that the income approach used by the County was inapplicable.
Under (a) the County in effect urges that a taxpayer is not entitled to relief unless he can show that every portion of his property is wrongly assessed, i.e., that a taxpayer may not show that the land is improperly valued without also showing that the improvements are also improperly valued. It is true that a court must be concerned with the total assessment, but this does not mean that a taxpayer may not admit that improvements on land are properly valued and then proceed to show that the total assessment is improper because the land is over-valued. We agree with the reasoning expressed in Haines v. Leonard L. Farber Company, Fla.App. 1967, 199 So.2d 311:
"The land and improvement of the property * * * were appraised separately, valued separately and the total tax assessment was apportioned accordingly * * * The landowner should be able to use the same method in contesting an assessment * * *." 199 So.2d at 314.
Under (b) the County relies upon St. Joe Paper Company v. Brown, Fla.App. 1968, 210 So.2d 725, and Aeronautical Commun. Eq. v. Metropolitan Dade Co., Fla.App. 1969, 219 So.2d 101. These cases stand for the proposition that all the criteria set forth in § 193.021, Fla. Stat., 10 F.S.A. (1967), must be considered, not just one. We find nothing in this record to show that this principle has been violated. The trial court properly weighed the evidence and found that the income approach was inappropriate as the basic measure of value.
Appellant's third point is a further argument of the issue as to the applicability of the income capitalization method. The County urges that the judgment appealed from amounts to a holding that as a matter *246 of law the fair market value of the race track is not increased by the operation of a successful business thereon. We do not so construe the judgment. The trial court simply found that the income or profit of the race track business was not assignable to the real estate but rather to the intangible rights which have been granted the owner by the state in the form of a license to conduct pari-mutuel wagering. We think there is evidence to support this conclusion. Cf. People ex rel. Metropolitan Jockey Club v. Mills, 190 Misc. 277, 72 N.Y.S.2d 757 (1947), aff'd 273 App.Div. 971, 79 N.Y.S.2d 304 (1948).
Affirmed.