PEARSON, Chief Judge.
The appellants, who are the owners of the West Flagler Kennel Club in Miami, Florida, brought an action in the circuit court alleging that the 1967 real property assessment of their dog racing track was unjust, discriminatory, and unlawful. After trial the court entered judgment for the taxing authorities, holding:
“Not only did plaintiff fail to demonstrate the fair market value of the property, but the defendant taxing authorities demonstrated that the assessment valuation is not in excess of the fair market value * * * and the Court being satisfied that the assessment challenged herein does not exceed such value, it is therefore ORDERED [that] [t]he relief requested by the plaintiff is denied and the complaint dismissed with prejudice.”
Appellants’ first point urges: “The use of the income method of appraisal in arriving at the fair market value of a parimutuel wagering plant is erroneous.” We have recently had occasion to consider the application of the income method of assessment to a pari-mutuel race track. See Metropolitan Dade County v. Tropical Park, Inc., Fla.App.1970, 231 So.2d 243. In that case we affirmed the holding of the trial judge that “Tropical’s property was overvalued because it operates a horse race track and holds a highly valued racing permit”. 231 So.2d 245. We agreed with the trial court that income from a business of this nature cannot be the primary basis for the value of the land used. This is true because a substantial portion of the income produced upon the real property flows from the pari-mutuel license, which is separately taxed.
There is no evidence in this record of such double taxation. The testimony of the appellees’ expert witness was that while the income approach was considered, an allowance for the value of the license to conduct pari-mutuel wagering was made. The controlling principle that all of the criteria set forth in § 193.021, Fla.Stat., F.S.A., should be taken into account (not just one) is stated in St. Joe Paper Company v. Brown, Fla.App.1968, 210 So.2d 725, and approved by the Supreme Court of Florida in its opinion at 223 So.2d 311. The tax assessment is presumed to be correct, and, in order to sustain its burden of proof in challenging a tax assessment, the taxpayer must present proof which excludes every reasonable hypothesis of a legal assessment. Homer v. Dadeland Shopping Center, Inc., Fla.1970, 229 So.2d 834, 837. Appellants failed to show in the trial court that the tax assessor had improperly applied the income criterion and have thus failed to show error under this point.
Appellants’ second point urges error upon the court’s ruling sustaining appel-lees’ objection to the admission into evidence of proof of the amount of the 1968 tax assessment upon appellants’ property. Appellants’ attack on the 1967 assessment must stand or fall upon its own validity unconnected with the assessment of any prior or subsequent year. Keith Investments, Inc. v. James, Fla.App.1969, 220 So.2d 695.
Affirmed.