PER CURIAM.
These cases have been consolidated for appellate purposes. In case 69-863, two main issues are presented for review. The first such issue concerns the final judgment of the circuit court, which held that any valuation of the property in excess of $2,140,448 would be unreasonable, unlawful and discriminatory. As to that final judgment and the finding therein, the taxing authorities contend that the above judgment was in error.
Initially, the appellants argue that there was no competent and substantial evidence before the court, asserting mainly *492 that the court erred in rejecting the income approach as the proper means of valuing the subject property. The question of the propriety of the income approach method of evaluation as applied to race track property has been decided by this court in the case of Metropolitan Dade County v. Tropical Bark, Inc., Fla.App.1970, 231 So.2d 243. Therein, we discussed the applicable principles for the determination of a valid assessment of property belonging to a business such as the one operated by the appellee herein. The court acted properly in rejecting the income approach in the instant case.
The appellants also contend that the circuit court, by determining that any valuation in excess of the 2.150 million dollars would be unreasonable, illegally reassessed the property for ad valorem tax purposes. This point has also been dealt with before in the case of Palm Springs Dev. Corp. v. Dade County, Fla.App.1969, 229 So.2d 629, wherein this court reviewed procedures used by the circuit court in its determination of tax assessment contests such as the one herein. We must conclude, based on the record before us, that the circuit judge acted in accordance with the law when he made a determination as to the maximum allowable assessment of the property and improvements at issue in this case.
A further attack is made by the appellants on the propriety of the law suit itself. The taxing authorities contend that the cause should have been dismissed by the circuit court because the plaintiff-appellee chose to challenge only a portion of the ad valorem tax assessment on its subject property. The above procedure, however, was not error. In Haines v. Leonard L. Farber Company, Inc., Fla.App.1967, 199 So.2d 311, the court stated: “The land owner should be able to use the same method [of treating the separate parcels of property and improvements separately] in the contesting of an assessment, that is by contesting the basic appraisal and not the addition.” See also Metropolitan Dade County v. Tropical Park, Inc., supra. No error was committed in failing to dismiss the cause of action because the taxpayer did not challenge the entire assessment.
The second main issue in case 69-863 concerns certain interlocutory rulings of the circuit judge. The appellee filed its suit under § 196.01, Fla.Stat., F.S.A. (1969). Prior to the filing of the complaint in that law suit, the appellee tendered to the tax collector the amount of tax admittedly due. The purpose of said tendering was to obtain a statutory discount on that amount. However, the taxing authorities refused to accept the tendered payments or allow the discount. Thereafter, when the appellee filed its law suit, it paid the full amount of tax assessed, but moved in the circuit court for an injunction pendite lite, the purpose of which was to restrain the tax collector from disbursing that portion of the total tax not admitted to be due; further, the injunctive relief prayed for also requested that any amount to be tendered to the tax authorities should be deposited in an interest-bearing account until the case was adjudicated on its merits.
By an order dated November 29, 1967, the court found and ordered as follows:
“Section 193.40 F.S. provides for refund to the Plaintiff of the taxes claimed by Dade County in the event the Court ultimately finds that all or a portion of said disputed taxes resulted from illegal assessments. However, there appears to be no statutory authority for such a refund to be made by the other defendants.”
* * * * * *
“ORDERED AND ADJUDGED:
“1. That pending further order of this Court, Robert Overstreet as Tax Collector of Dade County, Florida, his agents, servants and employees, be and they are hereby enjoined and restrained from disbursing to the defendants named below *493 the disputed 1967 taxes paid under protest by Plaintiff * * * ”
* * * * * *
“The said Robert Overstreet is hereby further directed to deposit said disputed sums in an interest bearing escrow account with a banking institution in Dade County, Florida and the funds so deposited shall be held and disbursed in accordance with the further orders of this Court.”
As the final issue in the case of 69-863, the appellant contends that the above restraining order of the circuit court was illegal and defeated the statutory purpose of section 193.41, Fla.Stat.F.S.A. (1969).
However, the decision herein affirms the trial judge’s ultimate finding as to the proper assessment valuation of the subject property. In view of that affirmance, all monies which have heretofore been tendered as payment admittedly due by the ap-pellee will be properly disbursed and accounted for after our mandate goes down to the trial court. Moreover, the interest earned by the deposited tax payment money cannot be returned or otherwise accounted for in any other manner except as provided for in the circuit court’s final order. Therefore, it appears to us that this issue is moot and no practical result can be obtained by reviewing the question. Thus, we must decline to rule on the merits of the appellant’s argument concerning the restraining order. DeHoff v. Imeson, 1943, 153 Fla. 553, 15 So.2d 258. See also Hollywood, Inc. v. Clark, 1943, 153 Fla. 501, 15 So.2d 175.
In case 69-876, the taxing authorities seek to overturn the circuit court’s final judgment rendered in the appellee’s challenge to its 1968 tax assessment. In the final judgment, the court stated as follows:
“This is a substantial counterpart of the action brought by the Plaintiff challenging the 1967 assessments of certain of its real property situate in Dade County, Florida. A Final Judgment in that cause (Case No. 67-18188) was entered September 19, 1969.
“This action challenges assessments for the year 1968 and the following is a comparative table of the assessments against the parcels referred to in the complaints for both years: *
1967 1968
"Parcel A (Land only) $4,039,170 $4,038,870
"Parcel B (Land only) 69,130 69,170
"Parcel C (Land only) 133,260 133,260
"Parcel D (Land only) 70,630 94,060"
* * * *
“Prior to the trial of this 1968 case, the Court entered an order dated August 1, 1969, reading in relevant part as follows:
“ ‘ORDERED AND ADJUDGES that the record in Hialeah Race Course, Inc. v. Porter Homer, et ah, (No. 67-18188), including the pleadings, the transcript of the testimony and the documentary evidence therein, be and the same is hereby incorporated by reference as a part of the record in this case.’ ”
“This cause came on for final hearing on August 11 and 12, 1969. Certain evidence additional to that adduced in the 1967 case was submitted. It is the finding of the Court, however, that:
“1. Such additional evidence did not present facts or expert opinions which were of sufficient materiality, weight or persuasion to change the Court’s findings and conclusions in the 1967 case which are hereafter held applicable to the 1968 case.
“2. There was no showing of any material or substantial change in conditions either as to the use of the land which was the subject matter of both suits or as to *494 the respective full cash values attributable thereto as found in the Court’s 1967 judgment and hereafter found applicable to the 1968 case. (Parenthetically, the Court now overrules the Defendants’ objections to certain evidence which was proferred by the Plaintiff with regard to the assessment of .the land of Tropical Park Race Track for the years 1967 and 1968, and has considered such evidence fbr what it is worth. However, the Court now sustains the Defendants’ objections to and has not considered any evidence relating to the Tropical Park Race Track assessments or occurrences with regard to them subsequent to 1968.)
“Accordingly, and insofar as the discussion, reasoning and findings of fact in the Final Judgment in the 1967 case (No. 67-18188) are applicable to Plaintiff’s challenge of the 1968 assessments of the land values only of Parcels A, B, C and D, said Final Judgment in the 1967 case is hereby adopted by the Court by reference as its reasons and findings of fact in this cause and a copy of said Final Judgment is attached hereto and made a part hereof.”
The appellants have posed substantially the same arguments against the court’s finding as to the 1968 assessment value as they did to the finding in reference to the 1967 assessment, discussed above in connection with case No. 69-683. Here, as in 69-683, the trial court’s final judgment is not a “reassessment” of the value of the property. Palm Springs Dev. Corp. v. Dade County, supra. Moreover, rejection of the income approach to valuation was not error. Metropolitan Dade County v. Tropical Park, Inc., supra. We also note that the record contains sufficient substantial and competent evidence to support the court’s finding. Finally, that the taxpayer chose to challenge a portion of the assessor’s valuation was not improper. Haines v. Leonard L. Farber, Inc., supra.
The judgments appealed are affirmed.