274 So.2d 571 (1973)
CONTAINER CORPORATION OF AMERICA, a Delaware Corporation, Appellant,
v.
Gene LONG, As Tax Assessor of Bradford County, Florida, et al., Appellees.
No. Q-267.
District Court of Appeal of Florida, First District.
February 1, 1973.
Rehearing Denied April 3, 1973.
*572 Edward McCarthy, Jr., of Freeman, Richardson, Watson, Slade & McCarthy, Jacksonville, for appellant.
Theron A. Yawn, Starke, for appellees.
WIGGINTON, Judge.
Plaintiff has appealed a summary final judgment rendered in favor of defendant taxing authorities. It contends that the trial court erred in finding from the pleadings, affidavits, exhibits, and other evidence in the file that there exists no genuine issue of any material fact and that appellees are entitled to judgment as a matter of law.
Appellant is engaged in an admittedly bona fide forestry operation on approximately 37,500 acres of timberlands owned by it and situate in Bradford County. Appellant's utilization of the lands for the foregoing purpose has been recognized by appellees, and the land has been classified as agricultural for tax assessment purposes. The complaint filed herein by appellant challenges the legality of the tax assessment made against these lands for the year 1968 on the ground that the value fixed by appellee-assessor is grossly in excess of its fair market value, is grossly arbitrary and discriminatory, and represents a much greater percentage of its just value than other agricultural lands in the county. The complaint further alleges that appellees failed to fix the value of appellant's lands by the capitalization-of-income method in accordance with the standard measure of value and procedures set forth in the woodlands section of the tax assessors' guide promulgated by the Comptroller of this state and approved by the State Planning and Budget Commission.
In response to the complaint, appellees filed their motion for summary judgment. In the affidavits and accompanying exhibits filed by appellees in support of their motion, they do not take issue with any of the allegations of fact or contentions of law urged by appellant as grounds for relief. They rest their position on the fact that appellant has previously brought a suit against appellees challenging the legality of the tax assessments made against its lands for the years 1965, 1966, and 1967. The assault made upon the legality of the taxes involved in that proceeding was on essentially the same grounds as are now urged by appellant for relief in the case sub judice. By their affidavits appellees aver without dispute that the lands involved in the prior litigation challenging the legality of the 1965, 1966, and 1967 tax assessments are the same lands involved in the case sub judice; that there has been no substantial change in the ownership, market value, or true cash value of the lands since the years of the disputed taxes involved in the prior litigation and the tax year of 1968 involved in the case sub judice; that the value placed upon appellant's lands for the year 1968, on which the assessment involved in this proceeding is based, is exactly the same as the value placed on the lands during the disputed years 1965 to 1967, inclusive, which values were judicially held to have been legally fixed by appellee-tax assessor.[1] Appellees therefore rest their position on the proposition that since the value of appellant's lands and the tax assessment based thereon are the same now as they were during the years when the disputed assessments were litigated and found to be legal and proper, appellant is now estopped to again relitigate the same questions as were involved in the prior litigation and that the valuations placed upon its lands for the prior years may properly be adopted as the just value to be placed upon the same lands for the tax year 1968 involved herein.
In rendering summary judgment favorable to appellees, the trial court found that the tax assessments made against appellant's lands for the years 1965, 1966, and 1967, which were held to be valid in the litigation heretofore instituted by appellant, compare in all material respects with the *573 present assessment for the year 1968 made against appellant's lands; that any significant differences which may exist could be accounted for by normal corrections of errors or omissions on the part of appellee-tax assessor in accordance with accepted procedures. Upon such finding the trial court held that appellees were entitled to summary judgment on the authority of this court's original decision in Powell v. Kelly, supra, which was affirmed by the Supreme Court in its certiorari review of that decision.[2]
From the final judgment reviewed herein it is apparent that without any proof supporting the validity of the 1968 tax assessment made against appellant's lands, the trial court held such assessment to be valid solely and only because it conforms in all material respects to the tax assessment made against the same lands during preceding years, which assessments were the subject of litigation and had been held to be valid. The rule of law adopted by the trial court has been repeatedly rejected by the appellate courts of this state and, therefore, cannot be permitted to stand.
Ad valorem taxes assessed against property in this state for any given tax year must stand or fall on its own validity, unconnected with the assessment made against that land during any prior or subsequent year.[3]
In Merrill v. Simpson appellant sought to establish that the 1966 taxes assessed against his land were invalid because the value fixed by the tax assessor was grossly in excess of the value placed upon his land for the previous year of 1965 and no material change in the value of the land had taken place since the preceding year. The trial court's ruling which excluded proof of the 1965 valuation was affirmed by this court on appeal[4] and approved by the Supreme Court in its certiorari review of our decision.[5]
In Hecht v. Dade County[6] it was held that proof of the value placed upon plaintiffs' land for the year 1968 could not properly be shown for the purpose of establishing that the 1967 assessment against the same land was grossly excessive and therefore illegal and void.
In Homer v. Hialeah Race Course, Inc.,[7] the Third District Court of Appeal held that the mere fact there may have been no showing of a change in circumstances relating to the property involved in that case since the last tax assessment is not a sufficient predicate for utilizing proof for the prior year's assessment for the purpose of establishing the just value of the land for the current tax year. To a similar effect is the decision of that court in Metropolitan Dade County v. Tropical Park, Inc.,[8] in which the court held that each year's assessment must be based on its own validity and not upon the assessment of any prior or subsequent year.
There is another equally cogent reason why appellant may not be precluded from litigating the validity of the 1968 tax assessment made against its lands merely because that assessment is no greater in amount than that made against the same lands for prior tax years, the validity of which was sustained in prior litigation. In the prior suit brought by appellant, the primary thrust of its position was that in evaluating its property appellee-tax assessor *574 had failed or refused to adopt the measure of value utilizing the capitalization-of-income method and follow the procedures promulgated by the Comptroller of Florida pursuant to Section 192.31(1), F.S. Appellant there contended that the sole and exclusive method of evaluating timberlands utilized in forestry operations for tax purposes was in accordance with the standard of values promulgated by the Comptroller; and, that any departure from that method based upon a capitalization of income derived from the utilization of the land resulted in an illegal valuation, rendering invalid the tax assessment made pursuant thereto. That litigation resulted in a decision favorable to the taxing authorities and against appellant. On appeal, this court affirmed the judgment of the trial court and pointed out that at the time the tax assessor evaluated appellant's lands and made his assessment based thereon, the standard of value promulgated by the Comptroller had not yet been approved by the State Planning and Budget Commission as required by the statute[9] and, therefore, the statute was ineffectual insofar as it purported to require the tax assessor to evaluate agricultural lands in accordance with those measures of value.[10] In that case it was established and so found by the trial court that in evaluating appellant's lands, defendant-tax assessor had followed the criteria specified by Section 193.021, F.S., by giving consideration to the present cash value of the property; the highest and best use to which it could be expected to be put in the immediate future and the present use thereof; the location of the property; the quantity or size of the property; the cost of the property, its condition, and the income derived therefrom.
Reverting to the case sub judice, it is established that the standards of value to be used in assessing real property as promulgated by the Comptroller, and set forth in the tax assessors' manual, were approved by the State Planning and Budget Commission in 1968 and were applicable to the assessment of taxes for that year. Section 192.31, F.S., which vested the Comptroller with authority to promulgate such standards of value was held to be valid by the Supreme Court in the case of Burns v. Butscher.[11] The court there stated the purpose and intent of the statute was to devise a plan designed to effectuate uniformity and equality in taxation among all counties in the state. The statute has been construed to mean that any standard measure of value promulgated by the Comptroller would not destroy the right of the tax assessor to exercise his discretion or judgment in reaching his conclusion of just value.[12] The tax assessor is directed, however, to follow and apply the standard measure of value as promulgated by the Comptroller in arriving at the assessment of all taxable property in his county but is not required to accept such standards of value if the result produced thereby does not in his judgment represent the just value of the property when considered in light of the factors prescribed by Section 193.021, F.S., and defined by the Supreme Court in the decision rendered by it in Walter v. Schuler.[13] If, however, the tax assessor refuses to follow the standards of value promulgated by the Comptroller, the burden of proof rests upon him to justify such refusal by a preponderance of the evidence.[14]
Based upon the foregoing authorities, appellant has the right to an adjudication of whether in evaluating its lands for the taxable year 1968, the tax assessor applied the standard of value embracing the capitalization-of-income method as promulgated *575 by the Comptroller. Upon further proceedings if it should develop that such standard of value was neither applied nor considered by the tax assessor, then the burden rests on him to show why it was rejected and why the value of appellant's lands as fixed by him more nearly represents its just value for tax assessment purposes.
For the foregoing reasons, the judgment appealed is reversed and the cause remanded for further proceedings not inconsistent with this opinion.
Reversed.
RAWLS, Acting C.J., and POWELL, GILLIS E., Associate Judge, concur.
NOTES
[1] Powell v. Kelly (Fla.App. 1968), 214 So.2d 347.
[2] Powell v. Kelly (Fla. 1969), 223 So.2d 305.
[3] Keith Investments, Inc. v. James (Fla. App. 1969), 220 So.2d 695.
[4] Merrill v. Simpson (Fla.App. 1969), 220 So.2d 33.
[5] Simpson v. Merrill (Fla. 1970), 234 So.2d 350.
[6] Hecht v. Dade County (Fla.App. 1970), 234 So.2d 709.
[7] Homer v. Hialeah Race Course, Inc. (Fla. App. 1971), 249 So.2d 491.
[8] Metropolitan Dade County v. Tropical Park, Inc. (Fla.App. 1971), 251 So.2d 551.
[9] § 192.31(7), F.S.
[10] Powell v. Kelly, supra note 1.
[11] Burns v. Butscher (Fla. 1966), 187 So.2d 594.
[12] Powell v. Kelly, supra note 2; Burns v. Butscher, supra note 11.
[13] Walter v. Schuler (Fla. 1965), 176 So.2d 81.
[14] Reid v. Kirk (Fla. 1972), 257 So.2d 3.