344 So.2d 308 (1977)
LEE COUNTY ELECTRIC CO-OPERATIVE, INC., Appellant,
v.
Oliver LOWE, Property Appraiser of Charlotte County, Florida, et al., Appellees.
No. 76-1447.
District Court of Appeal of Florida, Second District.
April 6, 1977.
*309 J. Tom Smoot, Jr., Smoot & Whigham, Fort Myers, for appellant.
John M. Hathaway, H. William Thompson, County Atty., Punta Gorda, Robert G. Jacobson, Port Charlotte, for appellees.
OTT, Judge.
This appeal involves an attack upon the assessment of the appellant/property owner's tangible personal property in Charlotte County by the appellee/property appraiser for the year 1975. The matter came on for trial in due course. At the conclusion of the appellant's case the trial court entered an order of dismissal upon the appellee's motion. We reverse for the reasons hereinafter stated.
A general revision of appraisal procedures and property assessments was accomplished in the years 1972 and 1973 pursuant to a county wide reassessment in Charlotte County. This county wide reassessment was performed by the appraisal firm of Hunnicutt & Associates. Pursuant to the values and procedures established by Hunnicutt the property owner (a utility) filed a 1974 and 1975 estimate as required by Section 193.052(4), Florida Statutes in the amounts of $23,402 and $23,370 respectively. The tax assessment was mailed out by the property appraiser pursuant to this 1975 estimate of value filed by the property owner. But shortly thereafter an amended value notice was mailed to the property owner which changed the assessed value of the tangible personal property of the taxpayer to $367,030. This lawsuit resulted.
The property owner called the property appraiser as an adverse witness. The property appraiser testified that following receipt of the property owner's 1975 estimate of value of tangible personal property, he received a communication from the State Department of Revenue enclosing a copy of page 2 of REA Form 7 which had been filed by the property owner with the Department of Agriculture. Form 7 contained a listing of the total assets and property of the utility. The property was located in four Florida counties, including Charlotte County, but the report did not purport to show any allocation by county or by type of property (such as real, vehicular or personal). The Department of Revenue enclosed a "breakdown sheet" containing certain figures or calculations the Department of Revenue had presumably extracted from page 2 of REA Form 7. These calculations attempted to break out tangible personal property from the total holdings and suggested that the total tangible personal property of the property owner in all four counties might be as high as $29,060,972. The property appraiser testified that he did not know how the Department of Revenue had arrived at this value nor could he explain how such figures were derived from page 2 of the REA Form 7. In addition, the "breakdown sheet" listed the value of property as returned by the property owner to each county property appraiser in the four counties (including Charlotte). According to the four county returns the total value of tangible personal property in the four counties was $1,850,395. The property appraiser testified that according to these figures the percentage in Charlotte County *310 amounted to 1.26297 percent.[1] He then multiplied this percentage by the "total personal property" figure of $29,060,972 to arrive at the $367,030 figure. This result was then adopted as the assessed value of the property owner's tangible personal property in Charlotte County.
Section 193.052(6), Florida Statutes, provides that the Department of Revenue has the duty to "promulgate the necessary regulations to insure that all ... utility property is properly returned in the appropriate county." In addition, the Department of Revenue should assist the county property appraisers in developing standards of assessment that are consistent with the mandate of the Florida Statutes. There is a clear mandate in Section 193.052(6), Florida Statutes, however, that "the evaluating or assessing of utility property in each county shall be the duty of the property appraiser." Chapters 192 and 193 of the Florida Statutes spell out in detail the duties and procedures of the property appraiser and mandate an assessment by the property appraiser of the particular property pursuant to uniform standards for all similarly situated property consistent with the express criteria set forth in Section 193.011, Florida Statutes. See in particular Sections 192.011, 192.032, 192.042 and 193.011, Florida Statutes.
Once the return of the property owner was brought into question the property appraiser should have complied with his statutory duty to make the appropriate assessment consistent with the criteria mandated by the Florida Statutes. See Stiles v. Brown, 182 So.2d 612 (Fla. 1966); Metropolitan Dade County v. Tropical Park, Inc., 231 So.2d 243 (Fla.3d DCA 1970); Keith Investments, Inc. v. James, 220 So.2d 695 (Fla.4th DCA 1969); St. Joe Paper Company v. Brown, 210 So.2d 725 (Fla.1st DCA 1968).
Ironically, the property appraiser's uncontradicted testimony established the invalidity of the assessment in this case. The State Department of Revenue accumulated all available data, summarized it, and pointed out what seemed to be apparent inconsistencies. This was supplied to the property appraiser. The property appraiser was entirely justified, on the basis of the information supplied, to question the accuracy or validity of the return of the property owner. However, he could not thereupon adopt the information supplied by the Department of Revenue as establishing either the quantity and type of tangible personal property in his county or its assessed value. He must proceed with an assessment of the property consistent with the mandated criteria of Section 193.011, Florida Statutes and consistent with accepted general standards applicable to all similar property or property owners within his county. The discretion vested in the property appraiser is not unbridled. The legislature has progressively more firmly pinned down the definition of "just value" and the discretion of the property appraiser must be exercised within the legislative parameters. See Walter v. Schuler, 176 So.2d 81 (Fla. 1965); Cassady v. McKinney, 296 So.2d 94, 96 (Fla.2d DCA 1974); Container Corporation of America v. Long, 274 So.2d 571, 574 (Fla.1st DCA 1973).
The property owner has carried the burden of establishing the prima facie invalidity of the assessment of his property. The motion to dismiss the property owner's suit should not have been granted. See GAC Properties, Inc. v. Colding, 308 So.2d 646 (Fla.2d DCA 1975).
With respect to the other assignments of error, suffice it to comment that the statutory requirement for assessment at "just value" as of January 1 for the tax year does not require physical appraisal to be made on that date. See, e.g., Lake Worth Towers, Inc. v. Gerstung, 262 So.2d 1 (Fla. 1972). Neither must an expert  if otherwise qualified  be licensed in his speciality in the State of Florida in order to qualify for expert testimony. See, e.g., Florida Power Corporation v. Wenzel, 113 So.2d 747 (Fla.2d DCA 1959). However, broad discretion does lie with the trial court in the areas *311 of acceptable evidence and experts. Since the matter must be returned to the lower court for further proceedings no useful purpose would be served in dealing with these evidentiary points and any attempt to do so would be premature.
The matter is remanded to the lower court with directions to set aside the order of dismissal and for such further proceedings thereafter as may be indicated.
HOBSON, Acting C.J., and McNULTY, J., concur.
NOTES
[1] 1.26297 percent is the quotient of the value returned figure for Charlotte County ($23,370) divided by the value returned figure for all four counties ($1,850,395).