# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-1895

_____

EDWARD A. CRAPO, in his capacity
as Alachua County Property Appraiser,

Appellant/Cross-Appellee,

v.

ACADEMY FOR FIVE ELEMENT
ACUPUNCTURE, INC., a Florida Non-Profit
Corporation,

Appellee/Cross-Appellant.

_____

On appeal from the Circuit Court for Alachua County.
Toby S. Monaco, Judge.

August 30, 2018

PER CURIAM.

Edward A. Crapo, Alachua County's property appraiser since his election in 1980, appeals the trial court's affirmation of the Value Adjustment Board's (VAB's) determination that the property of the Academy for Five Element Acupuncture, Inc., was entitled to an educational tax exemption, which it has been granted annually since 2008. On appeal, Crapo argues that the Academy is not entitled to the educational exemption; on cross-appeal, the Academy argues that Crapo was not entitled to re-litigate its entitlement to the educational exemption, which the Academy successfully litigated against Crapo in 2008—nothing

having changed factually or legally since that time. We tackle the latter issue first.

The Academy was founded in 1995 as a not-for-profit private postsecondary school to provide academic instruction and clinical training in acupuncture and herbal studies. It held an educational tax exemption in Broward County until 2008, when it moved to Gainesville and applied for the same the exemption. At that time, the property appraiser—Mr. Crapo—denied the exemption, asserting the Academy was not an "educational institution" for exemption purposes. The Academy petitioned the VAB and the case was heard before a special magistrate, who held that section 196.012(5), which defines "educational institution" within the Florida tax code, was unclear and ambiguous. The magistrate recommended granting the exemption. The VAB did so, and Mr. Crapo did not appeal the VAB's decision.

As a result, from 2008 through the 2013 tax year, the Academy held tax exemption status for its property in Alachua County. In June 2014, however, Mr. Crapo sought to revisit the matter, issuing a notice disapproving the exemption, asserting again that the Academy did not meet the statutory definition of an "educational institution," which is:

> [A] federal, state, parochial, church, or private school, college, or university conducting regular classes and courses of study required for eligibility to certification by, accreditation to, or membership in the State Department of Education of Florida, Southern Association of Colleges and Schools, or the Florida Council of Independent Schools.

§ 196.012(5), Fla. Stat. (2014). The Academy petitioned the VAB in opposition to Crapo's action and a hearing was held before a special magistrate, who—contrary to the 2008 disposition—denied the Academy's petition. The special magistrate concluded that the Academy was not accredited by any of the institutions enumerated in section 196.012(5), and that its licensure by the Commission for Independent Education—a state-created entity within the Department of Education that oversees "the operation and establishment of independent postsecondary educational

2

institutions"—did not satisfy the statutory requirement of accreditation by the State Department of Education of Florida. The VAB adopted the special magistrate's findings of fact, but rejected its legal conclusion, holding that the "license issued by the Commission for Independent Education, a Department within the Florida Department of Education, is a Certification. Because the license is a Certification, the [Academy] qualifies for Exemption."

The circuit court affirmed, finding that the Academy met the definition of "educational institution," but rejected its argument that the doctrine of res judicata/administrative finality applied, thereby allowing Crapo to seek revocation of the 2014 exemption—even though nothing factual or legally had changed since 2008.

Turning to the cross-appeal and whether Crapo was barred from re-litigating the tax exemption, the question posed is whether re-litigation of a tax exemption is barred where a property appraiser makes no claim that any factual or legal basis of the exemption has changed. Stated differently, may a property appraiser, each year or perhaps every few years, decide to re-challenge a property owner's tax exemption even though nothing factually or legally has changed from prior years?

Mr. Crapo relies on the general tenet that each tax year's assessment "must stand or fall on its own validity" without reference to prior years, a principle that exists primarily due to the fluidity of rapidly changing circumstances that affect the factual and legal bases for an assessment. *Container Corp. of Am. v. Long*, 274 So. 2d 571, 573 (Fla. 1st DCA 1973) ("Ad valorem taxes assessed against property in this state for any given tax year must stand or fall on its own validity, unconnected with the assessment made against that land during any prior or subsequent year."); *see Page v. City of Fernandina Beach*, 714 So. 2d 1070, 1076 n.5 (Fla. 1st DCA 1998) (quoting *Container Corp.*, 274 So. 2d at 573). Property appraisers have much discretion in their assessment authority to address current circumstances: where new facts or changed laws arise, prior assessments are subordinate to the determination of whether current circumstances support a change in an assessment or exemption. This principle applies to exemptions as well: if the factual or legal basis for a previously-

granted exemption has changed, an assessor may address the exemption's application under the current circumstances.

But nothing has changed factually or legally as to the Academy's exemption, rendering this general tenet inapplicable; expanding the already broad authority of property appraisers by authorizing administrative challenges to previously-granted tax exemptions serves no cognizable purpose where the factual and legal underpinnings of an exemption remain the same. As such, the Academy posits that the doctrine of administrative finality bars re-litigation of its exemption absent changed circumstances.[*] This doctrine (also known as decisional finality), is discussed in *Florida Power Corp. v. Garcia*, 780 So. 2d 34, 44 (Fla. 2001), which said the "doctrine of decisional finality provides that there must be a "terminal point in every proceeding both administrative and judicial, at which the parties and the public may rely on a decision as being final and dispositive of the rights and issues involved therein." *Id.* (citing *Austin Tupler Trucking, Inc. v. Hawkins*, 377 So. 2d 679, 681 (Fla. 1979)). Like the general tenet just discussed, "Florida courts do not apply the doctrine of administrative finality when there has been a significant change of circumstances or there is a demonstrated public interest." *Delray Med. Ctr.*, 5 So. 3d at 29. Here, Mr. Crapo's challenge to the Academy's exemption is subject to decisional finality because it is based on the identical facts and legal issues previously litigated and decided in the Academy's favor in 2008. Crapo took no steps to appeal that determination; he cannot now seek to annul the basis of that decision absent some relevant change in either the factual basis for the Academy's exemption or the applicable law since that time. Because no changed circumstances exist, the Academy was justified in relying

---

[*] The Academy also argues that res judicata applies, but we need not reach those arguments because "[i]n the field of administrative law, the counterpart to res judicata is administrative finality." *Delray Med. Ctr., Inc. v. State, Agency for Health Care Admin.*, 5 So. 3d 26, 29 (Fla. 4th DCA 2009). For similar reasons, we need not determine whether collateral estoppel applies.

on the prior determination as to its exemption. It was error for the trial court to allow Crapo's challenge to proceed. For this reason, we need not address Crapo's challenge to the trial court's rulings as to the application of the exemption.

AFFIRMED.

WETHERELL and JAY, JJ., concur; MAKAR, J., concurring separately.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

MAKAR, J., concurring separately.

I concur fully as to the disposition of the cross-appeal, but even if decisional finality did not bar Mr. Crapo's challenge, the trial court was correct in recognizing the validity of the Academy's tax exemption under section 196.198, Florida Statutes. The Academy is a private post-secondary education institution that is certified and regulated by the Florida Department of Education via its license with the Commission, which established its right to the exemption. The Department has unequivocally said (in the 2008 proceeding and as amicus in this appeal) that the statutory exemption extends to those independent post-secondary educational institutions that meet minimum education standards set by the Commission for annual licenses. Its position, though persuasive only on the legal issue presented, is supportable. Affirmance on this basis is proper as well.

_____

John C. Dent, Jr., and Jennifer A. McClain of Dent & McClain, Chartered, Sarasota, for Appellant/Cross-Appellee.

Paul A. Donnelly and Jung Yoon of Donnelly & Gross, Gainesville,

for Appellee/Cross-Appellant.