CLYDE LANIER, ETHEL FOUTS, GEORGIA WARREN, RALPH LANIER, HERBERT LANIER, *Appellants,* v. LULA MAY LANIER, *Appellee.*

Division A.

Decision Filed March 22, 1928.

Petition for Rehearing Denied May 11, 1928.

*Kelly, Sutton & Shaw,* for Appellants;

*Herbert S. Philips* and *Arthur L. Auvil,* for Appellee.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the decree herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said decree; it is, therefore, considered, ordered and decreed by the Court that the said

decree of the Circuit Court be, and the same is hereby affirmed.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur.

ON PETITION FOR REHEARING.

Opinion Filed May 11, 1928.

*Kelly, Sutton & Shaw,* of Tampa, for Appellants;

*Herbert S. Phillips,* of Tampa, and *Arthur S. Auvil,* of Dade City, for Appellee.

STRUM, J.—This is a suit in equity brought by the children of a deceased father against their stepmother to can-

cel and set aside a deed which conveyed directly from the father to his wife, the stepmother of complainants, certain lands which the complainants allege were, when so conveyed, a part of the grantor—father's—homestead.

By petition for rehearing it is suggested by the complainants, who are appellants here, that in affirming the decree of the chancellor dismissing the bill of complaint this Court overlooked and inadvertently overruled Norton v. Baya, 88 Fla. 1, 102 South. Rep. 361, and contrary to that decision and also the decision in Jackson v. Jackson, 90 Fla. 563, 107 South. Rep. 255, in effect held to be good and valid a conveyance of a part of the homestead by the husband directly to the wife, even though, at the time of the conveyance in question, the grantor was the head of a family residing in this State, the land described in the deed was then the homestead of the grantor and there were then living children of said grantor, namely, the complainants.

The decision herein, affirming the decree dismissing the bill, is consonant with the doctrine announced in Norton v. Baya and Jackson v. Jackson, *supra*. The decisions last named were not overlooked, nor was the doctrine therein announced overruled or modified by the decision in this case.

The problem presented by the evidence in this case is not without its difficulties. The evidence leaves no doubt that the land in question was the homestead of the grantor—father—J. S. Lanier, on June 6, 1924, and for many years prior thereto. The chancellor apparently found, however, that there had been an abandonment of the homestead prior to July 29, 1924, the date of execution of the conveyance here in question. There is competent evidence in the record to sustain that conclusion. Certainly there is no such lack of it as to justify this Court, under the long

established rule in this jurisdiction, in reversing the chancellor's conclusion and finding.

We agree with the proposition of law advanced by appellants that the homestead intended by our Constitution to be exempt is the place of actual residence of the party and his family and that a temporary absence of the head of a family in search of health, pleasure or for business reasons will not deprive the homestead of its character and status as such unless there was a design of permanent abandonment. Matthews v. Jeacle, 61 Fla. 686, 55 South. Rep. 865; Murphy v. Farquhar, 39 Fla. 350; 22 South. Rep. 681. It is equally as well settled, however, by the cases just cited that a permanent abandonment of the homestead as a *bona fide* home and place of permanent abode strips it of its homestead character. A homestead is abandoned by taking up a permanent abode at a distant place. Whether there has been an abandonment of a homestead so as to deprive it of its status as such under the Constitution should be determined by a consideration of all the pertinent facts and circumstances of each case. Nelson v. Hainlin, 89 Fla. 356, 104 South. Rep. 589. The character of property as a homestead depends upon an actual intention to reside thereon as a permanent place of residence, coupled with the fact of residence.

The chancellor's view that the land in question had been abandoned as a homestead is in harmony with the rule announced in Murphy v. Farquhar and Matthews v. Jeacle, *supra*, and also in Porter v. Harrison (Ala.), 27 South. Rep. 302; Baker v. Jamison, 36 N. W. Rep. 647. The following cases also bear upon the question: McGregor v. Kellum, 50 Fla. 581, 39 South. Rep. 697; Land v. Boykin (Ala.), 25 South. Rep. 172; Stanton v. Hitchcock, 31 N. W. Rep. 395; Baker v. Jamison, 36 N. W. Rep. 647; Kases-

kaes v. Gross, 3 S. W. Rep. 840; Conway v. Nichols, 76 N. W. Rep. 647.

Petition for rehearing denied.

ELLIS, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion and judgment.