**CITY OF JACKSONVILLE and C. W. HENDLEY, City Treasurer, and JOHN L. HALL, City Tax Assessor, v. CECIL C. BAILEY and AUGUSTA M. BAILEY, his wife.**

30 So. (2nd) 529                    January Term, 1947
May 20, 1947                        Special Division A

*William M. Madison,* and *Inman P. Crutchfield,* for appellants.

*C. C. Bailey,* for appellees.

HOLT, Associate Justice:

C. C. Bailey built his home in the City of Jacksonville in 1937. He lived there continuously with his family and claimed it as his homestead, requesting exemption from imposition of taxes as such, in accordance with Section 7, Article X, of the Constitution of Florida. The exemption was granted until 1943, when the City refused the same.

From December, 1942, until March, 1943, appellee, Bailey, rented this property for the so-called winter season. He removed from the premises only his necessary personal belongings, leaving the house fully furnished and equipped, and resided temporarily in another location. Upon the expiration of the rental period, he and his family moved back into their home, and have resided there continuously since. During his absence from the property he did not claim homestead exemption on any other property as his home.

Upon denial of the exemption, taxes were assessed and levied upon said property and, upon non-payment thereof, the City proceeded to advertise it for sale. This was permanently enjoined by the lower court. It is from this final decree of the Chancellor that this appeal has been perfected.

The City denied tax exemption to this property for the asserted reason that appellee had abandoned his homestead, and, by reason thereof, was not entitled to the exemption. It was argued, and with some force, the difference between leaving the home and closing it, as for instance for a vacation, and renting it for purely business and commercial reasons. In the first, the homestead character was not lost, because the intention to return was certain, and it was the home of no other; in the latter, the homestead was abandoned not only for the

commercial phase mentioned, but the uncertainty of coming back to occupy the property, if ever, coupled with the fact that during the rental period it was not the home of the applicant for tax exemption.

These words, taken from Section 7, Article X of the Constitutions, " . . . who resides thereon and in good faith makes the same as his or her permanent home . . . " must be construed when the sole question of whether appellee abandoned his homestead is discussed and decided. It is always a question of fact in each particular case whether abandonment has actually occurred. As far as the record discloses, this is the only time appellee has rented his home.

Did he by his action abandon it? The City insists that unless the owner is in actual or constructive possession (this means with no one else occupying it in any status while the owner is absent) on January 1, he is not entitled to exemption. We must not confuse regulations of municipalities, counties or other taxing authorities (all of which are promulgated for the benefit of the assessing officers) with the provisions of the Constitution. The organic law is entirely silent on this, as no particular date is specified by it. Although we do not decide it here, it is doubtful if the taxing authorities can deny homestead exemption to one otherwise qualified for it upon failure to file written request therefor or to fill out the complicated forms now in use by such authorities.

Here there is no question that appellee "resided on this property and in good faith made it his permanent home." He had no other. His temporary absence on January 1, when the City Assessor presumably made up his roll, did not violate any part of the Constitution. It may have transgressed some rule of thumb of the Assessor, but that is of no import.

We held, in Lanier v. Lanier, 95 Fla. 522, 116 So. 867, that temporary absence from the homestead of the head of the family for health, pleasure or business reasons would not deprive the property of its homestead character. See also Collins v. Collins, 150 Fla. 374, 7 So. (2) 443; Hillsborough Investment Co. v. Wilcox, 152 Fla. 889, 13 So. (2) 448.

It is true that appellee was absent not only on January 1, but prior to and subsequent to that date. However, there is

nothing in the record to indicate in the slightest the intention of appellee to do anything but return to his homestead property after his temporary absence. Continuous physical presence without interruption is not required to constitute a homestead for tax exemption purposes. Temporary absence, regardless of the reason for such, from the homestead, will not deprive it of that character, provided an abiding intention of return is always present.

We, therefore, hold that there was no abandonment of the homestead here, and the decree of the chancellor should be affirmed.

Affirmed.

THOMAS, C. J., TERRELL and CHAPMAN, JJ., concur.