**PADRICK, et ux v. POPPELL, Tax Assessor.**
**No. 5699.**

Circuit Court, St. Lucie County.

March 20, 1958.

J. M. Sample, Fort Pierce, for plaintiffs.

Phillip Nourse, Fort Pierce, for defendant.

D. C. SMITH, Circuit Judge.

This is a suit brought by Robert W. Padrick and Virginia Padrick, his wife, plaintiffs, against Calvin P. Poppell, as Tax Assessor of St. Lucie County, defendant, under provisions of section 192.19, F.S.A., and chapter 87 F.S.A., seeking a decree determining the plaintiffs to be entitled to homestead exemption on certain real estate, situate in St. Lucie County, specifically described in the complaint. Answer was filed, testimony taken and the cause presented on final hearing.

The evidence shows that the plaintiffs have owned the property in question since some time prior to 1953 and that they built a duplex apartment thereon during 1953. One of the apartments was designed and built especially to be occupied by the plaintiffs as their home. Upon completion thereof, they began occupying that apartment as their home and have considered same their permanent home continually since 1953 until the present time and now consider it their permanent home. They have no home or place they consider home, other than this apartment.

Plaintiff Robert W. Padrick's mother is a widow and owns a home in St. Lucie County several miles from the property in question. The mother's children are all married and live in homes of their own. The mother resides in her home in St. Lucie County during the winter and in North Carolina during the summer of each year. For the past several years plaintiffs have resided in the mother's home with her when she was in St. Lucie County, for the reason that Robert W. Padrick and his brothers and sister did not want their mother living at home alone.

The plaintiffs' household furnishings have remained in the apartment which they consider their home. Plaintiff Robert W. Padrick is registered to vote in the precinct in which the duplex apartment is located and serves as a County Democratic Committeeman from such precinct. His mother's home is located in another precinct. There has never been any intention on the part of the plaintiffs to abandon such apartment as their home and each time the plaintiffs have gone to live with the mother, it has been (and is now) their intention to return to their home in the duplex apartment.

Plaintiffs were granted homestead exemption on such apartment for the years 1954, 1955, 1956 and 1957. Since the completion of said duplex apartment, the apartment other than the one which the plaintiffs consider their home has been rented the majority of the time. The duplex apartment which the plaintiffs consider their home has been rented for various portions of the time during which the plaintiffs were not occupying it.

On January 1, 1958, the plaintiffs were residing with Robert W. Padrick's mother. During the latter part of December, 1957, and the early part of January, 1958, the apartment which the plaintiffs consider their home was rented, and some one other than the plaintiffs was residing therein.

The Tax Assessor of St. Lucie County disapproved the plaintiffs' application for homestead exemption for the year 1958 on the property on which said duplex apartment is located, the Board of County Commissioners of St. Lucie County affirmed the decision of the Tax Assessor, and this suit followed.

The court finds that the plaintiffs were absent from the property which they maintain is their home, not only on January 1, 1958, but prior to and subsequent to that date, and that the apartment which they consider their permanent home was rented to another on January 1, 1958. There is, however, nothing in the evidence to indicate, in the slightest, any intention of the plaintiffs to do anything but return to their homestead property after temporary absence.

The court finds that such property is the homestead property of the plaintiffs and that the plaintiffs are entitled to homestead exemption thereon for the year 1958. See City of Jacksonville, et al v. Bailey, et ux (Fla.), 30 So. 2d 529; John E. L'Engle, Jr. and Cotten Hines L'Engle, his wife v. Leon E. Forbes, as Tax Assessor of Duval County, et al (Fla.), 81 So. 2d 214.

It is accordingly ordered, adjudged and decreed that the plaintiffs, Robert W. Padrick and Virginia Padrick, his wife, are entitled to homestead exemption, as provided by the constitution of the state of Florida, on the following described real property, located in St. Lucie County—lots 18 and 19, of block 2, of Tropical Beach Subdivision, as per plat thereof on file in plat book 9, at page 26, of the public records of St. Lucie County, Florida—for 1958, and that the defendant, Calvin P. Poppell, as Tax Assessor of St. Lucie County, is hereby directed to approve the plaintiffs' application for homestead exemption on said property for the year 1958, and to take all official action required of and by him necessary to effect such exemption on the tax roll of St. Lucie County for 1958.