ALLEN, Chief Judge.
The appellees, Robert W. Padrick and Virginia Padrick, his wife, filed a suit against Calvin P. Poppell, as Tax Assessor of St. Lucie County, Florida, under the provisions of Section 192.19, F.S.A., and Chapter 87, F.S.A., seeking a decree determining the plaintiffs to be entitled to homestead exemption on certain real estate located in St. Lucie County, Florida. After *436 testimony was taken, the chancellor entered a final decree which found the plaintiffs to be entitled to the homestead exemption. The defendant, on appeal, seeks to have the cause reversed on the ground that the evidence does not support the chancellor’s findings of facts as set forth in the final decree. After a careful review of the record and findings of the Chancellor the material facts appear to he as follows:
The plaintiffs purchased the property in question in 1953 and that same year erected a duplex type apartment structure thereon, one portion of- which was designed and constructed especially for the occupancy by plaintiffs as their home. After the structure was completed, the plaintiffs made this their home and have considered it their permanent home continuously since 1953 up to and including the present time. It is apparent from the record that plaintiffs have no house or place they consider home, other than this duplex.
Plaintiff Robert W. Padrick’s mother is a widow and owns a large home in St. Lucie County several miles from the property in question. The mother’s children are all married and live in homes of their own. The mother resides in her home in St. Lucie County during the winter and in North Carolina during the summer of each year. For the past several years, the plaintiffs have resided in the mother’s home with her when she has been in St. Lucie County for the reason that plaintiff, Robert W. Padrick, his brothers and sister did not want their mother living alone. The plaintiffs’ household furnishings have, however, always remained in the apartment which they consider their home.
The plaintiff, Robert W. Padrick, is registered to vote in the precinct in which the apartment is located and presently serves as a County Democratic Committeeman from this precinct, whereas the mother’s home is located in another precinct. The plaintiffs were granted homestead exemption on the apartment for the years 1954, 1955, 1956 and 1957. The portion of the duplex other than the one occupied by plaintiffs has been rented to various tenants the majority of the time, and the apartment which the plaintiffs consider their home has been rented for various portions of the time during which the plaintiffs were not occupying it. During the latter part of December, 1957, and the early part of January, 1958, the apartment which plaintiffs consider their home was rented, thus as of January 1, 1958, someone other than plaintiffs was residing therein.
Thereafter the defendant tax assessoi denied plaintiffs’ application for homestead exemption for the year 1958 on the property on which this duplex is located, and the Board of County Commissioners of St. Lucie County affirmed this decision of the tax assessor.
The lower court found that “there never has been any intention on the part of the plaintiffs to abandon such apartment as their home and each time the plaintiffs have come to live with the mother, it has been and is now their intention to return to their home in the duplex apartment;” and “that such property is the homestead property of the plaintiffs and that the plaintiffs were entitled to homestead exemption thereon for the year 1958.”
Article X, Section 7 of the Florida Constitution, F.S.A., grants a tax exemption up to an assessed valuation of $5,000 to a homeowner “who resides thereon and in good faith makes the same his or her permanent home * * The Supreme Court held in Lanier v. Lanier, 95 Fla. 522, 116 So. 867, that a temporary absence from the homestead by the head of the family for health, pleasure, or business reasons would not deprive the property of its homestead status. Thereafter in the leading case of City of Jacksonville v. Bailey, 159 Fla. 11, 30 So.2d 529, 530, the Court expressly stated:
“ * * * Continuous physical presence without interruption is not required to constitute a homestead for tax exemption purposes. Temporary ab *437 sence, regardless of the reason for such, from the homestead, will not deprive it of that character, provided an abiding intention to return is always present.”
The 1935 Legislature enacted Chapter 17060, Laws of Florida, Acts of 1935, F.S.A. § 192.12 et seq., which prescribed the procedure for claiming the tax exemption conferred by Section 7 of Article X; and Section 3 of Chapter 17060 (now appearing as Section 192.14, Fla.Statutes 1957, F.S.A.) specifically provided that:
“The words ‘resident,’ ‘residence,’ 'permanent residence,’ ‘permanent home’ and those of like import, shall not be construed so as to require continuous physical residence on the property, but mean only that place which the person claiming the exemption may rightfully and in good faith call his home to the exclusion of all other places where he may, from time to time, temporarily reside.”
The above quoted statute is considered by the Supreme Court to be an expression of legislative intent that a temporary absence will not deprive a homestead claimant of his right, unless it appears that there was a design of permanent abandonment, and such rule applies to the homestead tax exemption privilege. L’Engle v. Forbes, Fla.1955, 81 So.2d 214. Once the property has acquired the status of a homestead, this status would continue until an abandonment has occurred which being dependent upon the intent of the claimant, is a question of fact to be determined in each particular case. City of Jacksonville v. Bailey, supra.
This Court recently decided a case similar in principle to the instant case, and in an opinion by Judge Kanner, reported as Marsh v. Hartley, Fla.App.1959, 109 So.2d 34, 37, it is stated:
“In considering the question of whether a homestead status has been acquired or whether it has been abandoned, a court in its determination must be guided by certain fundamental principles. The constitutional and statutory provisions concerning homesteads should be interpreted in the liberal and beneficent spirit in which they were conceived and enacted in the interest of the family home. * * * ”
Applying the rules and principles as stated herein to the instant case, we think it is clear that there has been no abandonment of the homestead by plaintiffs. It is to be pointed out that this cause was tried before the chancellor who, after weighing and evaluating the conflicting evidence, made his findings which come to an appellate court with a presumption of correctness unless error is made clearly apparent. Marsh v. Hartley, supra.
It is not unnatural for a son to desire that his mother not live alone. The testimony in the instant case clearly reflects a desire by not only Robert W. Padrick but by his brothers and sister that their mother not live in her large home in St. Lucie County alone. After each temporary stay with his mother, the plaintiff has always returned to the duplex apartment which he and his wife at all times have considered their permanent home, even though this apartment was rented to someone else on January 1, 1958. As stated in the cases previously discussed, actual physical presence on the property on January 1st is not necessary in order to claim homestead exemption under the applicable constitutional and statutory provisions.
From an examination of the entire record and for reasons assigned herein, we are of the opinion that judgment of the chancellor should be affirmed.
Affirmed.
KANNER, J., and THORNAL, CAMPBELL, Associate Judge, concur.