STURGIS, Judge.
This is an appeal from an order of the Suwannee County Circuit Court dismissing the amended complaint under chapter 87, Florida Statutes, F.S.A., filed by appellants, plaintiffs below, against the appellees, defendants below, in their official capacities as tax assessor and members of the Board of County Commissioners of said county, *613 and the Comptroller of the State of Florida. The order appealed is reversed.
The sole question for determination is whether or not the amended complaint herein states a cause of action cognizable in equity.
The complaint filed July 2, 1965, as amended, charges in substance: (1) that plaintiffs are resident owners of taxable real property in Suwannee County, Florida; (2) that the issues involved are of general interest to all persons owning property in said county, that it is impractical to join all of them as parties and plaintiffs also bring this suit in their behalf as a class; (3) that pursuant to the Florida Constitution,, which requires the Legislature to provide for a uniform and equal rate of taxation and the “just valuation” of all taxable property, the Legislature enacted Section 193.021, Florida Statutes, F.S.A., enumerating certain factors to be taken into account by the taxing authorities in the assessment of property for ad valorem tax purposes; (4) that the constitutional phrase “just valuation” is equivalent to the phrase “fair market value”; (5) that approximately 3,800 owners of real property within the county were allowed homestead exemption from taxation on their properties for the tax year 1965; (6) that for many years and continuing to the present, as reflected by the 1964 and proposed 1965 tax rolls of said county, it was and is the practice of the defendant tax assessor to deliberately, intentionally and systematically assess all property within the county at less than 100% of the fair market value, which practice results automatically in discrimination in favor of the owners of homestead properties; (7) that the assessments thus made are not equal and uniform as required by law; and (8) that plaintiff taxpayers are in doubt as to their rights and status with regard to their respective tax obligations and as to whether the defendant tax assessor is assessing property within said county in full compliance with the law.
The plaintiffs prayed, inter alia, that the court would assume jurisdiction and enter a decree (a) declaring whether or not the tax assessor is complying with the law, (b) decreeing that any assessment less than 100% of fair market value is illegal and discriminatory, and (c) requiring the defendant tax assessor to revise the 1965 tax roll, if possible, and to make up all subsequent tax rolls in such manner that all property is assessed at 100% of fair market value. It was further prayed that the circuit court retain jurisdiction of the cause until reassessment has been accomplished in the manner provided by law.
Chapter 87, Florida Statutes, provides a recognized vehicle for the relief sought. See Walter v. Schuler, 176 So.2d 81 (Fla.1965); McNayr v. State, 166 So.2d 142 (Fla.1964); Green v. Walter, 161 So.2d 830 (Fla.1964); Poppell v. Padrick, 117 So.2d 435 (Fla.App.1960); North Shore Realty Corporation v. Gallaher, 99 So.2d 255 (Fla.App.1957); Modernage Furniture Corp. v. Miami Rug Company, 84 So.2d 916 (Fla.1955); Rosenhouse v. 1950 Spring Term Grand Jury, 56 So.2d 445 (Fla.1952); Miller v. Doss, 160 Fla. 660, 36 So.2d 442 (1948); Cosen Inv. Co. v. Overstreet, 154 Fla. 416, 17 So.2d 788 (1944); Schleman v. Connecticut General Life Ins. Co., 151 Fla. 96, 9 So.2d 197 (1942).
In the above-cited Schleman case the Florida Supreme Court noted the fact that if all property were uniformly assessed at one half of its cash value, homesteads not exceeding $10,000 actual value would escape taxation for governmental purposes. And in the above-cited Cosen Inv. Co. case, Mr. Justice Adams, speaking for the supreme court, said:
“To perpetuate the practice of assessing all property at a less percentage than that directed by the statute (Chap. 20722, Acts 1941, F.S.A. § 193.11) would necessarily result in favoring the homesteads. The logic of the opinion *614 in Camp Phosphate Co. v. Allen, supra, is no longer applicable because the reduced value, even though uniformly lower, is no longer just. Subsequent to the adoption of Art. X, Sec. 7, the practice of assessing property has been in conformity with the statute, that is at one hundred per cent of its true cash value.”
In Green v. Walter, supra, the supreme court condemned the proposed plan of the tax assessor of Duval County to assess intangible personal property at 42% of value, and commenting with respect to personal and real property said:
“Obviously, if the assessor pursues his plan to assess realty at 41.64 per cent, and personal property at 42.5 per cent, the mandate of these statutes is being disregarded * *
H* ^ H*
“Under the statute already cited, it was the duty of the appellee to fix the full cash value of the taxable property and in doing so to rely upon his judgment, and discretion or ‘leeway’ as it was expressed in State ex rel. Glynn v. McNayr, Fla., 133 So.2d 312, but he did not have the discretion to arrive at that value then to adopt 42 per cent, of it as the value for the purpose of determining the tax. His discretion ran out at that point.”
In McNayr v. State, supra, the tax assessor admitted that the assessments were at 50% of just value. The supreme court affirmed an order of the lower court requiring the doubling of all assessments to raise them to 100%.
Following McNayr a landmark suit was brought in Duval County and the decree therein was appealed to the Florida Supreme Court. The decision of the supreme court is reported as Walter v. Schuler, 176 So.2d 81 (Fla.1965). The court, speaking through Mr. Justice Thomas, reaffirmed the principle that assessment of property at less than 100% of just valuation is illegal and the decision created a new atmosphere concerning ad valorem taxation and assessments for that purpose in that: first, the statutory phrase “just valuation” is held to be equivalent to the term “fair market value,” a well-known real estate and appraisal concept; secondly, the declaratory decree action is approved as an appropriate remedy by which to test the validity of assessment practices which have a general pattern of violating the constitutional and statutory rules governing ad valorem taxation; and thirdly, it approved the action of the trial court in ordering the defendant tax assessor to carry out a reassessment program under its supervision and in retaining jurisdiction of the cause pending the completion thereof. Discussing the third proposition, the supreme court said:
“We affirm the finding of the chancellor that the 1964 roll should be condemned and that the standards followed in preparing it were ‘improper, unfair, unjust, discriminatory’ and arbitrary and, of course, it was high time for the chancellor to halt such procedure before the 1965 roll became infected.”
^ 5jC *|C
“We agree that re-evaluation and reassessment should immediately be accomplished to insulate the 1965 roll from the imperfections of the roll for 1954 * * *_»
The complaint in this cause tracks almost verbatim the essential allegations of the complaint that was sustained in the Schuler case.
The primary emphasis of appellees’ brief is directed to the proposition that it is too late to effectively cure the alleged errors of the 1965 tax roll and that questions relating to the 1966 tax roll are moot because it has not been.made up and the tax assessor will presumably do his duty *615 without the necessity of any order of court. This assumes, of course, that the tax assessor will take heed of the decision in Walter v. Schuler, supra, decided before the instant suit was filed, and perform his duties accordingly. This position is untenable. The law was there and operative before the decision in Schuler, which case did not involve the defendants in this cause. There is no reason to assume that a public official repeatedly derelict in the performance of his statutory duties will “see the light” because of a judicial determination in a cause to which he is not a party. Plaintiffs (appellants) are entitled to have their rights adjudicated in an adversary proceeding by a court having jurisdiction of the subject matter and parties to the cause.
Finding that the complaint herein states a justiciable cause of action, the order dismissing same is reversed on the authority of Walter v. Schuler, supra, and this cause is remanded for proceedings consistent herewith.
WIGGINTON, Acting C. J., and JOHNSON, J., concur.