QUESTION:
May the owner of a parcel in a recreational camper trailer condominium organization who resides on the parcel in an impermanent structure qualify for homestead exemption from taxation as to the parcel, notwithstanding the impermanent nature of the structure and notwithstanding the fact that the articles of condominium include a covenant that said owner will not erect a permanent or semipermanent structure on the parcel?
SUMMARY:
The owner of a parcel in a recreational camper trailer condominium organization may qualify for homestead exemption under Art. VII, s. 6(a), State Const., and s. 196.031, F.S., despite the impermanency of the structure in which he resides and notwithstanding a covenant in the articles of condominium that no permanent or semipermanent structure will be erected on the site, if the facts and circumstances as a whole show that said owner otherwise meets the requirements for homestead exemption, that he actually resides on the property, and that he has a present intention to reside thereon indefinitely.
Your question is answered in the affirmative, subject to the qualifications discussed below.
You have enclosed with your letter a copy of the relevant articles of condominium which contain, inter alia, the following restrictive covenant:
"No permanent or semi-permanent structure may be erected on any unit in the subdivision nor may any trailer which is designed as permanent living quarters be located or placed on any unit, it being the declared intent of the subdivider to exclude mobile homes from use of the unit and to create and maintain an area designed for the maximum beauty and benefit of leisure time campers."
Your letter posits the question whether, in view of such language, and in view of the impermanency of the residential structure, the parcel or unit owner can qualify for homestead exemption.
In answering your question, I assume that the parcel owner has legal or equitable title to the parcel, as required by Art. VII, s. 6, State Const. The only question directly involved is the issue of whether the parcel owner can meet the requirements of permanent residence under these circumstances. Article VII, s. 6, State Const.; s. 196.031, F.S.
Article VII, s. 6(a), State Const., requires that, to be eligible for homestead exemption, the owner of legal or equitable title to real estate maintain thereon his "permanent residence" or the permanent residence of another legally or naturally dependent on him. Section 196.031, F.S., requires that the person seeking homestead exemption reside on the property and in good faith make the same his "permanent home." Section 196.051, F.S., and Ch. 12B-1.202 (5)(A), F. A. C., define the requirement of permanent residence or home as follows:
"The words "resident," "residence," "permanent residence," "permanent home," and those of like import, shall not be construed so as to require continuous physical residence on the property, but mean only that place which the person claiming the exemption may rightfully and in good faith call his home to the exclusion of all other places where he may, from time to time, temporarily reside."
Additionally, Ch. 12B-1.202(5)(A)(1), states:
"For one to make a certain parcel of land his permanent home he must reside thereon with a present intention of living there indefinitely, and with no present intention of moving therefrom." (Emphasis supplied.)
It thus appears that the requirement of permanent residency resolves into an inquiry as to actual physical residence on the property and the present intention of the owner to reside there indefinitely. Cf. Lanier v. Lanier, 116 So. 867 (Fla. 1928).
Since the critical issue is the intention of the owner, the character of the residential structure itself cannot be considered dispositive, although it may be considered as a factor in evaluating the owner's intention. This point is well explained in the opinions of my predecessors in office. In AGO 065-55, it was stated:
". . . The "permanent home" may be a splendid mansion, an ordinary residence, a cottage, a one room cabin, a hovel, a cave, a dugout in the earth or other place of actual residence. . . . [T]he particular kind of dwelling house is not material, but the premises must actually be used as a permanent home. . . ."
And, in AGO 057-327 it was said:
". . . The fact that the homestead claimant is residing in a trailer or other type of residence subject to almost immediate movement to another state or county does not disprove his intention to make the real property upon which located his permanent home, although it should be taken into consideration with all other facts and circumstances. . . ."
Although both of these opinions address the meaning of the permanent home requirement of former Art. X, s. 7, State Const. of 1885, they are of continuing vitality as to the "permanent residence" requirement now contained in Art. VII, s. 6 of the 1968 Florida Constitution. If anything, the term "residence" focuses concern more particularly on the intentions of the homestead claimant than does the term "home." Compare, 11 Fla.Jur. Domicil and Residence s. 2, with 11 Fla.Jur. Domicil and Residence s. 6. Therefore, the mere fact that the homestead claimant's residential structure is of an impermanent or movable nature does not, standing alone, disqualify the homestead claim.
Nor in my opinion does the restrictive covenant contained in the articles of condominium necessarily disqualify the parcel owner from receiving homestead exemption. The homestead claimant's intention to permanently reside on the property must be determined from the totality of facts and circumstances, and not necessarily by reliance solely upon the representations of the parties. Attorney General Opinion 057-327, supra.
In sum, despite the impermanency of the structure in which the parcel owner lives and notwithstanding his covenant not to erect a permanent or semipermanent structure, the parcel owner may still qualify for homestead exemption if the totality of facts and circumstances shows that the owner has legal or equitable title to the parcel, that he actually resides thereon, and that he has a present intention of residing thereon indefinitely. Of course, it is for the tax assessor in the first instance to determine the intention of the parcel owner and in so doing to evaluate such facts as structural permanency and the restrictive covenant of concern here. See AGO 057-327, supra. However, it would be improper to base a denial of homestead exemption solely on such a covenant or upon the potential mobility of the housing structure without regard to the totality of the circumstances.