QUESTION: Is a taxpayer entitled to homestead exemption pursuant to s. 196.031(1), F. S., when said taxpayer works in and rents an apartment in an adjoining county but returns on weekends to the alleged homestead, which is not rented and which is the sole property owned by the taxpayer?
SUMMARY: Rental of an apartment in an adjoining county to pursue work, in and of itself, does not constitute abandonment of the homestead when the taxpayer returns on weekends to the alleged homestead which is not rented and which is the sole property owned by said taxpayer. Whether or not abandonment has occurred must be determined from all facts and circumstances applicable to each particular situation. Section 6(a), Art. VII, State Const., states in pertinent part: Every person who has the legal or equitable title to real estate and maintains thereon the permanent residence of the owner, or another legally or naturally dependent upon the owner, shall be exempt from taxation thereon, except assessments for special benefits, up to the assessed valuation of five thousand dollars, upon establishment of right thereto in the manner prescribed by law. . . . Section 196.031(1), F. S., states in pertinent part: Every person who has the legal title or beneficial title in equity to real property in this state and who resides thereon and in good faith makes the same his or her permanent home, or the permanent home of another or others legally or naturally dependent upon said person, shall be entitled to an exemption from all taxation, except for assessments for special benefits, up to the assessed valuation of $5,000 on the said home and contiguous real property, as defined in s. 6, Art. VII of the State Constitution. . . . Additionally, s. 196.051, F. S., provides: The words "resident," "residence," "permanent residence," "permanent home" and those of like import, shall not be construed so as to require continuous physical residence on the property, but mean only that place which the person claiming the exemption may rightfully and in good faith call his home to the exclusion of all other places where he may, from time to time, temporarily reside. [Also see Rule 12B-1.202(5)(A), F.A.C.] Actual residence upon the property claimed as a homestead is essential to establish entitlement to the homestead exemption. See Matthews v. Jeacle, 55 So. 865 (Fla. 1911); Hillsborough Inv. Co. v. Wilcox,13 So.2d 448 (Fla. 1943); Lanier v. Lanier, 116 So. 867 (Fla. 1928); Murphy v. Farquhar, 22 So. 681 (Fla. 1897); Rule 12B1. 202(5)(A)1., F.A.C. However, temporary absence from the alleged homestead, regardless of the reason for such absence, will not deprive it of that character, providing an abiding intention to return is always present and providing there was no design of permanent abandonment. See Matthews v. Jeacle, supra; City of Jacksonville v. Bailey, 30 So.2d 529 (Fla. 1947); Collins v. Collins, 7 So.2d 443 (Fla. 1942); Lanier v. Lanier, supra; Poppell v. Padrick, 117 So.2d 435 (2 D.C.A. Fla., 1959); Rule 12B-1.202(6)(A), (B), and (C), F.A.C. One of my predecessors discussed what constitutes abandonment of homestead property under s. 192.14, F. S. (now s. 192.051, F. S.), in AGO 058- 329. Whether an abiding intention to return to the premises is present or whether abandonment of the premises as a homestead has actually occurred are questions of fact to be determined from all applicable circumstances and from a preponderance of all the evidence. It must appear that the claimant relinquished possession of the premises and removed therefrom, and that his removal was accompanied by an intention to discontinue his use of the premises as a home. See City of Jacksonville v. Bailey, supra; Hillsborough Inv. Co. v. Wilcox, supra; Lanier v. Lanier, supra; Nelson v. Hainlin, 104 So. 589 (Fla. 1925); Gulf Refining Co. v. Ankeny,135 So. 521 (Fla. 1931). The continued expressed intention of a landowner to return to his property and further maintain it as a homestead, although prima facie evidence of that fact, is not controlling and will be overcome by evidence to the contrary. See Rule 12B-1.202(6)(C), F.A.C. Although absence from one's homestead for an extended period is not of itself an abandonment of the homestead, such an absence may raise a presumption sufficient to cast the burden on the claimant to satisfy the property appraiser that there has, in fact, been no abandonment. Attorney General Opinion 058-329. Among the factors indicating whether an abiding intention to return to the premises is present or whether abandonment of the premises as a homestead has actually occurred are: Removal only of necessary personal belongings or effects; leaving the house fully furnished and equipped; residing only temporarily in another location, City of Jacksonville v. Bailey, supra; and the precinct in which the applicant is registered to vote, Poppell v. Padrick, supra. The factors disclosed by your letter, to wit, rental of an apartment in an adjoining county in pursuit of work and returning to the alleged homestead (the only property owned by the applicant) on weekends, are insufficient standing alone to categorically answer your question in the affirmative or in the negative. As previously stated, temporary absence from the homestead does not constitute abandonment but may be considered, in conjunction with all other available evidence, in determining whether or not abandonment of the homestead has occurred. I agree with my predecessor and conclude that the above-stated question is one which must be answered from the facts, circumstances, and evidence applicable in each particular case, considered in the light of the above and foregoing legal observations, cases, and authorities.