Sam J. Colding Collier County Property Appraiser Naples
QUESTIONS:
1. Does a property appraiser have the authority to print the words `DO NOT FORWARD' on the envelope in which a homestead renewal application is mailed?
2. Does a person who was away and did not receive his renewal application due to the fact that it was returned to the property appraiser's office upon the request of that office have any recourse?
SUMMARY:
The governing statutes and rules promulgated by the Department of Revenue do not expressly or by necessary implication authorize or require property appraisers to have printed the direction to the postal authorities `DO NOT FORWARD' on the envelopes in which homestead exemption notices and application forms prescribed by ss. 196.111, 196.121, and 196.131, F. S., are mailed to homestead exemption applicants or claimants.
The duties of the property appraiser in regard to homestead exemptions are set forth in Ch. 196, F. S. There is no section of that statute which deals with a `homestead renewal application' to which you refer in your inquiry. Section 196.011(1), F. S., provides that a property owner `that received an exemption in the prior year may reapply on a short form as provided by the Department of Revenue.' This statute appears to contemplate the inclusion of homestead exemption reapplications also. See s.196.011(3), F. S. However, there is no `short form' for homestead exemption renewal prescribed in Ch. 196, F. S.; the only forms and procedures being statutorily prescribed are those prescribed by ss. 196.111(1), 196.121, and 196.131, F. S. In view of this, it is presumed that you are referring to the application for homestead exemption and notice of failure to have filed for homestead exemption provided for in ss. 196.111 and 196.121, F. S. See also
s. 196.131, F. S.
Section 193.052, F. S., requires that returns for tax purposes must be filed on all property in the state except real property `. . . the ownership of which is reflected in instruments recorded in the public records of the county in which the property is located . . . .' From these public records the property appraiser lists and values on the real property assessment roll all the real property within his county, pursuant to s. 193.085, F. S. The real property assessment roll is required to reflect the name of `[t]he owner . . . responsible for payment of taxes on the property, (and) his address. . . .' Section 193.114(2)(e), F. S.; Rule 12D-8.07(2)(a), F.A.C.
Section 196.131(1), F. S., requires each taxpayer who claims the homestead exemption to file one of the forms provided for in s.196.121, F. S., properly executed, with the property appraiser on or before March 1 of each year, and failure to do so constitutes a waiver of the exemption for such year. The information contained in that form is required to be true and the person knowingly giving false information for the purpose of claiming homestead exemption is guilty of a second degree misdemeanor. Section196.131(2), F. S.
Section 196.111, F. S., provides that the property appraiser shall mail the specified notice and homestead exemption application form, as soon as practicable after February 5 of the current year, to all persons granted a homestead exemption the year immediately preceding and whose application for exemption for the current year has not been filed as of February 1, thereof. The form for the application is provided to the property appraisers by the Department of Revenue pursuant to the provisions of s. 196.121, F. S.
There is no provision in the statutes, nor is there a rule of the Department of Revenue, which provides any authority for giving directions to the postal service not to forward mailings of the above-mentioned notices and application forms but to return the same to the property appraiser or to print the words `DO NOT FORWARD' on envelopes in which the prescribed notice and application form are mailed. The duty of mailing such notice and application form is clearly set forth in s. 196.111, F. S. While there is no statute prohibiting the printing of such directions or words on the envelopes in which such notice and applications are mailed, the prevailing rule of law is that public officers have only such power and authority as are clearly conferred by statute or necessarily implied from statutorily granted powers. See, e.g., 67 C.J.S. Officers s. 102; Lang v. Walker, 35 So. 78, 80 (Fla. 1903); Gessner v. Del-Air Corporation, 17 So.2d 522 (Fla. 1944); AGO's 078-77, 076-191, 075-299, and 071-28; and where there is doubt as to the existence of authority, it should not be assumed.See, e.g., White v. Crandon, 156 So. 303, 305 (Fla. 1934), Gessner v. Del-Air Corporation, supra; Edgerton v. International Company, 89 So.2d 488, 490 (Fla. 1956). Moreover, unlimited authority to perform official functions as may be desired by an officer or to incur expenses against the state or county cannot lawfully be conferred upon any officer. Coen v. Lee, 156 So. 747,750 (Fla. 1933). An officer may not do everything not forbidden in advance by some legislative act. 67 C.J.S. Officers s. 102, at p. 366. As in the case of administrative bodies, property appraisers, whose offices are constitutionally created and whose powers and duties are statutory, have no common law powers `. . . and what [powers] they have are limited to the statutes. . . .' State exrel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628, at 638 (1 D.C.A. Fla., 1958); AGO 075-120.
It is also the rule that, where a statute authorizes a specific act, as in s. 196.111, F. S., the act includes the authority to do those things necessary to accomplish the result intended by that act, see 67 C.J.S. Officers s. 103, Peters v. Hanson,157 So.2d 103 (2 D.C.A. Fla., 1963). However, as stated by the Florida Court:
 An express power duly conferred may include implied authority to use means necessary to make the express power effective, but such implied authority may not warrant the exercise of a substantive power not conferred. . . . [Molwin Inv. Co. v. Turner, 167 So. 33 (Fla. 1936); AGO 073-374.]
 Any implied power must be necessarily implied from a duty which is specifically or expressly imposed by statute. Attorney General Opinion 075-161, Florida State University v. Jenkins, 323 So.2d 597 (1 D.C.A. Fla., 1975). Any power to be implied must also be essential in order to carry out the expressly granted power or duty imposed, e.g., AGO 073-374 and 67 C.J.S. Officers s. 102.
 In situations concerning the exercise of powers by officers, it is clear that where, as in your inquiry, `. . . there is reasonable doubt as to the lawful existence of a particular power which is being exercised, the further exercise of the power should be arrested.' Hopkins v. Special Road and Bridge District No. 4, 74 No. 310 (Fla. 1917); Gessner v. Del-Air Corporation, supra, see also State ex rel. Greenberg v. Florida State Board of Dentistry, supra, at 636. See also
Williams v. Florida Real Estate Commission, 232 So.2d 239 (4 D.C.A. Fla., 1970); City of Cape Coral v. G.A.C. Utilities, Inc., of Florida, 281 So.2d 493 (Fla. 1973); AGO 076-191, which further states:
 As stated in AGO 071-28, to perform any function for the state (or county) or to spend any money belonging to the state (or county), the officer seeking to perform such function or to incur such obligation against public funds must find and point to a constitutional or statutory provision so authorizing him to do. (Emphasis supplied.)
Accord: Attorney General Opinion 075-299 (quoting in part from AGO 068-12).
There does not appear in the governing statutes or rules promulgated by the Department of Revenue any grant of authority, expressly or necessarily implied, to property appraisers to have printed the direction to the postal authorities `DO NOT FORWARD' on envelopes in which the notices and application forms prescribed by ss. 196.111 and 196.121, F. S., are mailed to homestead exemption applicants or claimants.
Moreover, this additional printing on the envelope would necessitate the expenditure of public funds. Section 196.111(2), F. S., provides that `[t]he expenditure of funds for any of therequirements of this section is hereby declared to be for a county purpose . . .' which the county commission is authorized to provide. (Emphasis supplied.) The thrust of this subsection is to facilitate the mailings, and would not validate the expenditure of additional public funds for printing the aforementioned directions to the postal authorities when such printing and additional expenditure is not authorized or required by statute. Section196.111(1), F. S., does not authorize or require the giving of such directions to the postal authorities to not forward, but return, such mailings, nor in any manner limit the homestead exemption applicants' or claimants' rights to have such mailings delivered to them or condition such right upon the claimant's physical occupation of and presence or residence on the property for which the exemption is to be claimed at the very time the prescribed notice and application form is placed in the mail by the property appraiser. As provided by Rule 12D-7.13(3), F.A.C., temporary absence from the homestead, regardless of the reason for such, will not deprive the property of its homestead character, providing an aiding intention to return is always present. Seealso s. 196.051, F. S., Rules 12D-7.07(4) and 12D-7.13(1) and (2), F.A.C., L'Engle v. Forbes, 81 So.2d 214 (Fla. 1955), Poppell v. Padrick, 117 So.2d 435 (2 D.C.A. Fla., 1959).
It is not essential for the property appraiser to have printed the directions `DO NOT FORWARD' on the envelopes or mailings in question in order for him to carry out his statutorily imposed duty and function to mail the prescribed notice and application form to those persons designated in s. 196.111, F. S. The assessment rolls maintained by the property appraisers are required to contain the name and address, including postal zip code, of the property owner responsible for payment of the taxes. Section 193.114(2)(e), F. S.; Rule 12D-8.07(2)(a), F.A.C. That person is entitled to have the notice and the application from mailed to that address, and if he is not physically present on or occupying the premises at the time of such mailing or is for any reason temporarily absent therefrom, he remains entitled to such notice and opportunity to claim the homestead exemption and to have the prescribed notice forwarded to him by the postal service, rather than returned to the property appraiser.
In order to claim the exemption, a taxpayer must file his application therefor under the provisions of s. 196.111 or s.196.131, F. S. After the filing of the claim for exemption, it becomes the duty of the property appraiser to examine the same and allow the claim, if it is found to be in accordance with law, s.196.141, F. S., and carefully consider all applications for tax exemptions filed in his office before March 1 of that year, s.196.151, F. S., and upon such investigation determine whether the claim should be approved or disapproved in the manner and in accordance with the procedure provided for in s. 196.151, F. S. Each of the claims for exemption must be considered independently and on its own unique facts. This factual determination is required to be made in the first instance by the property appraiser based upon the circumstances attending each particular claim for the exemption. Moroever, it is not essential or indispensable to the approval or disapproval of particular claims for homestead exemption that the property appraiser have printed the directions `DO NOT FORWARD' on the envelopes or mailings in question.
Accordingly, absent legislative amendment of the statute, or a judicial determination to the contrary, your first question is answered in the negative.
Having concluded that the property appraiser is not authorized to direct the postal authorities not to forward mailings of the notices and application forms provided for in s. 196.111, F. S., but to return all such undelivered mailings to his office, your second question becomes moot.
Prepared by: William D. Townsend, Assistant Attorney General