SCHWARTZ, Chief Judge.
The appellant, who is the appellee Dr. Halker’s ex-wife, held a 1980 judgment against him. She claimed the right to a declaratory judgment below that property which had been the husband’s home and had accordingly been declared homestead, lost its homestead character and thus became subject to execution upon the judgment after he left the home to reside and practice in Alabama. Dr. Halker deeded the property to himself and his present wife by the entireties on June 27, 1985, thereby validly placing the property beyond the reach of the judgment against him as of that time. See Camblin v. Miller, 280 So.2d 61 (Fla. 1st DCA 1973), cert, denied, 286 So.2d 205 (Fla.1973). Since he had undoubtedly, permanently moved to Alabama by the time of trial, the issue below was whether the “abandonment” had occurred before June 27, 1985, as the ex-wife contended, or after that time, as Dr. Halker claimed. After a non-jury trial, the lower court ruled for Dr. Halker and Mrs. McGann appealed.
The issues of whether and when the permanent abandonment of a home, which is required to strip the property of its homestead character, has occurred are essentially matters of the intent of the record owner of the property. 29 Fla.Jur.2d Homestead § 68 (1981). As such, they are almost invariably — and we find that this is true here —matters of fact to be determined on the basis of all the evidence and the inferences to be drawn from that evidence in the particular case. City of Jacksonville v. Bailey, 159 Fla. 11, 30 So.2d 529 (1947); 29 Fla.Jur.2d Homestead § 67. We find ample' evidence in the present record to support the trial judge’s necessary conclusion that Dr. Halker’s pre-June 1985 excursions to Alabama, leaving his family behind in Dade County, were not permanent but, mere temporary absences “consistent with [a] bona fide intent to return,” 29 Fla.Jur. 2d Homestead § 69, at 327, and thus did not amount to an abandonment. See Read v. Leitner, 80 Fla. 574, 86 So. 425 (1920); Marsh v. Hartley, 109 So.2d 34 (Fla. 2d DCA 1959). While we may or may not have reached the same conclusion ourselves, the existence of record evidence to support that of the trial judge requires its affirmance. See Strawgate v. Turner, 339 *441 So.2d 1112 (Fla.1976); Crooks v. Atlantic Nat’l Bank, 445 So.2d 1042 (Fla. 5th DCA 1984); Home Ins. Co. v. Mendelson, 367 So.2d 1071 (Fla. 3d DCA 1979); Department of Transp. v. Morehouse, 350 So.2d 529 (Fla. 3d DCA 1977), cert, denied, 358 So.2d 129 (Fla.1978).
Affirmed.