**In re Margaret A. SAMSON, Debtor.**

**Bankruptcy No. 88–05016–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

Aug. 17, 1989.

James J. Armstrong, Naperville, Ill., for debtor.

Jules Bagdan, C.P.A., Oppenheim, Appel, Dixon & Co., Miami, Fla., trustee.

Mark D. Bloom, Carmen Hernandez, Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, Miami, Fla., for trustee.

## ORDER ON EXEMPTION

THOMAS C. BRITTON, Chief Judge.

The trustee's objection (CP 80) to the debtor's claimed exemption of 160 acres worth $485,000 in Levy County (40 miles west of Ocala) as her homestead under Article X, § 4 of the Florida Constitution, was heard July 20. For the reasons which follow, the objection is now sustained.

The 160 acres are in a platted subdivision, Ocala Highlands West, which is not within any municipality. The debtor's claimed residence is a small apartment behind a barn, in a frame structure, on Lot 5 of Block 1. There are 44 Blocks in the subdivision. Of the acreage which is claimed exempt, only 10 acres are contiguous [1] to the site of the "residence". The rest of the claimed exempt property is separated by 48 scattered lots which the debtor sold to various individuals between 1972 and 1976 under Agreements for Deeds, many of which have been fully paid for.

As of May 16, 1989, delinquent taxes were owed to Levy County upon 286 lots titled in the debtor's name. This fact, plus her inexperience and the disarray of her records, has resulted in her failure to deliver deeds.

The debtor's interest in this property dates back 17 years. She has held title to most of it in her individual name since 1981. Her husband died in 1984. She is a real estate developer. This is her only project and her only significant asset.

The Florida homestead exemption is restricted to "contiguous land and improvements". There is no basis, therefore, for *any* claim in excess of the 10 acres contiguous to the barn and adjoining apartment.

The debtor claims to have moved to Levy County on October 12, 1988, about seven

---

1. That is to say, separated only by the platted streets.

weeks before she filed for bankruptcy on December 6, 1988.

The crucial issue in determining her entitlement to a homestead exemption for the barn-apartment and the ten adjoining acres is whether, as of the date of bankruptcy (December 6, 1988), the debtor (i) actually moved to that property, (ii) with a bona fide intent to live there permanently. *Lanier v. Lanier*, 95 Fla. 522, 116 So. 867 (1928).

For many years before she was widowed and for at least the four years until October 1988, the debtor resided in a luxurious two-bedroom condominium apartment in the Jockey Club in North Miami Beach. The Levy County barn was occupied exclusively by her horses, and the adjoining living space was occupied exclusively by her resident caretakers for at least six years before she filed for bankruptcy.

She testified first that she had moved to Levy County *twice*, on October 12, 1988, and again on April 5, 1989. She said she rented a trailer and on October 12 moved "some personal belongings" to Levy County. When she was informed that the crucial date for the purposes of this case is December 6, 1988, she abandoned the post-bankruptcy date, explaining that she moved her mother's furniture on that date. I do not believe she ever spent a night on the subdivision, with any intent to reside there, before April 5, 1989, *four months after bankruptcy*, if she did then.

The only real property this debtor now claims or has *ever* claimed as a tax exempt homestead is the Jockey Club condominium.

The debtor still owns and maintains the Jockey Club condominium. This fact and her undisputed room service charges there, signed personally by her, during the month before and the month after bankruptcy, coupled with the sheer implausibility of this lady moving from the Jockey Club to the primitive accommodations in rural Levy County, behind her stable, convince me that the debtor has never moved nor intended to move her residence from the Jockey Club.

I do not overlook, but I do reject her contrary self-serving testimony, that she resided at the Jockey Club merely to file her bankruptcy and that she maintains the condominium for her son. She leased that apartment *temporarily*, from December 1, 1988 to April 1989, but she has made no move to vacate it permanently.

The trustee has carried his burden of proving that the debtor did not establish a homestead, entitled to exemption under Article X, § 4 from the claims of creditors, with respect to any part of Ocala Highlands West.

DONE and ORDERED.